Nasit, C. J.
 

 This case is governed by the act of Congress passed in 1848, ch. 120, entitled an act for the relief of certain surviving widows of officers and soldiers of the revolutionary army. The first section grants a pension to all such widows. The second section is as follows :
 
 “
 
 That any pledge, mortgage, sale,
 
 assignment
 
 or
 
 t/rcmsf&r
 
 of any right, claim or interest,
 
 in any way gra/nted
 
 by this act, shall be utterly void and of no effect.” The object of the act cannot be mistaken; it was to secure to the widows of those, by whose sufferings and valor, the liberties we are now enjoying were secured, a provision for the few years they could remain here. So anxious were they to effectuate this purpose, that, in the same section, they exempt the pension from any liability to the debts of the pensioner, either in law and equity.
 

 The case sets forth that the plaintiff, a widow of a soldier of
 
 *549
 
 the revolution, and entitled to be placed on the pension-list, was entitled to $500 as back-pay. It was agreed between her and one Mastín and the defendant, that Mastín should receive the money, and retain, as pay for his trouble, one hundred dollars, and that,
 
 in purs-ucmce of said agreement,
 
 he should pay all the balance, $400, to the defendant, for his trouble in procuring the testimony necessary to have her name enrolled on the pension-list. Both the parties and the witnesses lived in Wilkes county. Mastín received the $500, and paid to the defendant $400 of it. The action is brought to recover that money.
 

 It is urged that- this case does not come within the act of Congress; that the act did not intend to prevent the pensioner from disposing of her pension-money, after she had received it, as she might think proper. Unfortunately for the argument, the case sufficiently shows that the agreement was entered into before the pension-money was received, and that the payment of the $400 to the defendant, was made to him in pursuance of said agreement. No part of the money ever came to her hands ; but it was drawn by Mastín, by her assignment or transfer of her right to receive it, and a portion paid by him in compliance with the previous agreement. If the act is to receive the construction contended for by defendant, it is a dead letter, so far as securing the pensi»n-money to fhe widow is concerned, and might as well be at once repealed. The act, being for the protection of those, who, in ninety-nine cases in a hundred, are poor, needy and ignorant, should receive such a construction as will carry out the benevolent intention of the donors of the bounty. Like the statute of frauds, it shoidd receive a liberal construction ; such a construction as is consistent with the words, and as will suppress the mischief—the mischief of preying upon the necessities of the poor and ignorant.
 

 It is again said, if the act is to receive the construction contended for by the plaintiff, the bounty of the country will, in many cases, prove illusory. This may be so,, and probably will be; but it is an evil, courts of justice cannot remedy.
 
 *550
 
 To Congress belongs the power. The intention of the act is to provide for the widow, and not for the speculator.
 

 Considering’ the money paid to the defendant Jennings as received by him, by virtue of the agreement made originally by the parties, which was null and void by virtue of the act of Congress, it was received by him in law to the use of the plaintiff.
 

 We concur with his Honor who tried the case below, in his judgment, which is affirmed.
 

 Pjsr Curiam.
 

 Judgment affirmed,