[No. 2252]

## STATE OF NEVADA, Ex Rel. ERNEST E. BROWN, PETITIONER, *v.* NEVADA INDUSTRIAL COMMISSION, RESPONDENT.

[161 Pac. 516]

1. MANDAMUS—WORKMEN'S COMPENSATION—AWARD.
   *Mandamus* is not the proper remedy to compel the Industrial Commission to award an injured workman compensation, under Stats. 1913, c. 111, as amended by Stats. 1915, c. 190, since such workman has a speedy and adequate remedy at law in an action at law against the commission.

2. MANDAMUS—WORKMEN'S COMPENSATION—PAYMENT OF JUDGMENT.
   *Mandamus* is an appropriate remedy to compel the Industrial Commission to pay a final judgment of compensation obtained by an injured workman in an action at law against the commission, where it refuses to pay such final judgment.

ORIGINAL PROCEEDING in *mandamus*, by the State, on the relation of Ernest E. Brown, against the Nevada Industrial Commission. **Demurrer to the petition sustained.**

*William Forman*, for Petitioner:

*Mandamus* is the proper remedy in the case at bar. It is not only the proper remedy, but the only remedy in the case. Petitioner has no speedy nor adequate remedy at law. *Certiorari*, prohibition, injunction, or any other remedy, extraordinary or otherwise, would not avail to give petitioner relief. This court has held that the state insurance fund, involved in the case at bar, is not a "state fund," but should be regarded as separate from the state treasury. (*State ex rel. Beebe* v. *McMillan*, 36 Nev. 383.) It cannot be said that the powers of the Nevada Industrial Commission to act are discretionary. (*Borgnis* v. *Falk Co.*, 147 Wis. 327.) "This case involves only private rights in private property which is in the possession of a state officer, but in which the state, as such, never had, and never can have, any shadow of right or property. (*Hayne* v. *Metropolitan Trust Co.*, 67 Minn. 251.)

When the facts, as in this case, are admitted, a *mandamus* may issue to compel the performance of the act. (Merrill on Mandamus, 31; *Henry* v. *Taylor*, 57 Iowa, 72;

State v. Wright, 10 Nev. 175; Humboldt Co. v. Churchill Co., 6 Nev. 31; State ex rel. McGuire v. Waterman, 5 Nev. 323; McAlester-Edwards Coal Co. v. State, 31 Okl. 629.)

A writ of mandamus is often denominated a writ of mandate. A writ of prohibition is the counterpart of a writ of mandate and arrests all proceedings. Therefore, if the contributors to the state insurance fund believed that the fund was being awarded improperly, their remedy would be by writ of prohibition. Per contra, if the injured man is denied the compensation to which the law says he is entitled, his remedy would be by writ of mandamus.

It has been frequently decided that certiorari extends only to jurisdictional power in purely judicial proceedings. The Nevada Industrial Commission is not a judicial body, but an administrative body, having what might be termed quasi-judicial functions. It is in no sense a judicial body. It could not be such, for if it did have judicial functions it would not be consistent with the provisions of the state constitution. "The writ of certiorari can only be issued where the inferior tribunal, in the exercise of judicial functions, has exceeded its jurisdiction." (In Re Rourke, 13 Nev. 253; State ex rel. Thompson v. Board, 23 Nev. 247; Esmeralda v. District Court, 18 Nev. 438.)

W. W. Griffin, for Respondent:

The facts in this case being agreed upon, the matter presents a question of law and jurisdiction for the determination of the court. Respondent admits that mandamus is the proper remedy, but that under the facts petitioner is not entitled to the relief demanded.

The duties of the Nevada Industrial Commission are, to a great extent, fiduciary, and the only way by which it could be estopped or prevented from spending its funds improperly would be by writ of prohibition. Conversely, the only way by which it could be made to award compensation would be by mandamus. If a writ of prohibition is the counterpart of a writ of mandate, then the latter must be a counterpart of the former.

By the Court, NORCROSS, C. J.:

This is an original proceeding in *mandamus*. Paragraph 1 of the petition alleges the creation of respondent, Nevada Industrial Commission, under and by virtue of the provisions of section 8 of that certain act of the legislature entitled "An act relating to the compensation of injured workmen in the industries of this state and the compensation to their dependents where such injuries result in death, creating an Industrial Insurance Commission, providing for the creation and disbursement of funds for the compensation and care of workmen injured in the course of employment, and defining and regulating the liability of employers to their employees, and repealing all acts and parts of acts in conflict with this act," approved March 15, 1913 (Stats. 1913, p. 137), as amended March 22, 1915 (Stats. 1915, pp. 279, 282).

Paragraph 2 of said petition alleges that from the 6th day of July to the 24th day of September, 1915, inclusive, petitioner was employed by one M. E. McGhan as an engineer and millman in the operation of a quartz-mill near the town of Round Mountain in Nye County, and that during that time the relation of employer and employee existed between petitioner and said McGhan.

Paragraph 3 of said petition alleges that on the 24th day of September, 1915, while petitioner was so employed, he was accidentally injured in the machinery of said mill, resulting in the loss of the first, second, and third fingers of his right hand.

Paragraph 4 of said petition alleges that as a result of said injury petitioner was totally disabled from performing any labor or service whatever for the period of three and seven-thirtieths months, and suffered permanent partial disability as above mentioned; that under and by virtue of the provisions of the aforesaid act, petitioner is entitled to compensation from the respondent in the sum of $1,454.

Paragraph 5 of said petition alleges that petitioner has complied with all the provisions of said act; that neither

he nor his said employer have ever rejected the provisions of said act; that prior to said injury of petitioner, petitioner's said employer had never paid to respondent any amount whatever, as is required under the provisions of said act from employers not rejecting the terms of said act, nor had any demand ever been made of such employer for such payment by respondent. That the respondent refused, and will continue to refuse, to pay petitioner said claim solely because petitioner's employer had not contributed to the state insurance fund provided for in said act.

Paragraph 6 of the petition alleges that it was and is the duty of respondent under and by virtue of said act to award and pay petitioner the amount of said claim.

Paragraph 7 of the petition alleges that petitioner has no plain, speedy, or adequate remedy at law.

To the petition a demurrer was filed alleging:

"That said petition does not state a cause of action in favor of petitioner and against respondent, nor does it state facts sufficient to entitle the petitioner to the relief prayed for therein."

This proceeding was submitted upon the briefs filed. It was assumed by the briefs, both upon the part of petitioner and respondent, that *mandamus* was the proper remedy in this case. Upon reading the petition, the court was of the opinion that a serious question was presented as to what was petitioner's remedy upon the facts alleged, and an order was made vacating the submission and directing counsel to present the question as to whether *mandamus* was an appropriate remedy. Counsel for the respective parties have filed a joint brief in which it is contended that this court should entertain the writ.

Section 38 of the act in question provides:

"The Nevada Industrial Commission is hereby authorized and empowered to prosecute, defend and maintain actions in the name of the commission for the enforcement of the provisions of this act.   *   *   *"

From the briefs filed upon the merits, it would appear that the main, and possibly the only, controversy relative to the claim of petitioner grows out of a difference. of opinion as to the construction of section 37 of the act, which reads as follows:

"If any employer shall default in any payment to the accident fund hereinbefore in this act required, the sum due shall be collected by action at law in the name of the Nevada Industrial Commission as plaintiff, and such right of action shall be in addition to any other right of action or remedy. In respect to any injury happening to any of his workmen during the period of any default in the payment of any premium under section 6, the defaulting employer shall not, if such default be after demand for payment, be entitled to the benefits of this act, but shall be liable to suit by the injured workman (or the husband, wife, child or dependent of such workman in case death result from the accident) as he would have been prior to the passage of this act. In case the recovery actually collected in such suit shall equal or exceed the compensation to which the plaintiff therein would be entitled under this act, the plaintiff shall not be paid anything out of the accident fund; if the said amount shall be less than such compensation under this act, the accident fund shall contribute the amount of the deficiency. The person so entitled under the provisions of this section to sue shall have the choice (to be exercised before suit) of proceeding by suit or taking under this act. If such person shall take under this act, the cause of action against the employer shall be assigned to the Nevada Industrial Commission for the benefit of the accident fund. In any suit brought upon such cause of action the measure of liability shall be as provided in section 1, subdivision c (1, 2, 3 and 4) of this act. Any such cause of action assigned to the Nevada Industrial Commission may be prosecuted or compromised by the department in its discretion. Any compromise by the workmen of any such suit, which would leave a deficiency to be made good out of the

accident fund, may be made only with the written approval of the department."

1. We are of the opinion that, notwithstanding counsel contends that this proceeding only presents a question of law as to the proper construction of section 37, *supra*, the extraordinary proceeding in *mandamus* is not the proper remedy. It has been repeatedly decided by this court that *mandamus* will not lie if there is a plain, speedy, and adequate remedy at law. That there is a remedy at law against respondent upon a rejected claim of an employee, we think permits of no question. Suppose, for example, a claim is rejected by the commission upon the ground that the relation of employer and employee did not exist at the time of the accident, it would not, we think, be contended that this court, upon an original proceeding in *mandamus*, could hear evidence and determine such controverted question of fact. Again, if the commission should determine that the extent of the claimant's injuries are not as great as that asserted by the claimant, and the claimant is unwilling to accept the compensation which the commission determines he is entitled to, the claimant is entitled to have the question of the extent of his injuries determined as a fact by a court of law. Suppose that, instead of filing a demurrer to the petition in this proceeding, respondent had filed an answer and denied all the allegations of the petition, we think counsel would not contend that this court could assume to act as a court of original jurisdiction and try the issues of fact thus raised.

There has been filed in this proceeding for the information of the court a transcript of all of the proceedings before respondent in the matter of the claim of petitioner. From this transcript it appears that petitioner's claim was at one time allowed conditionally by a vote of a majority of the members of the respondent commission. Subsequently the commission reconsidered the resolution by which the claim was conditionally allowed, and the claim was rejected. It appears from this transcript

that, at one time, the question was raised whether the relation of employer and employee existed at the time of the accident. It nowhere appears from the transcript, excepting inferentially, that the respondent commission ever found the facts as alleged in the petition. While this transcript of the proceedings before the respondent commission may have no proper place in determining the questions raised upon the demurrer to the petition, it is proper, we think, to refer to the same as illustrating the reason why *mandamus* is not an appropriate remedy to enforce a rejected claim presented to such commission. Necessarily, the claim of an employee, rejected in whole or in part by the industrial commission upon any question of fact going to the extent of his injuries or as to the existence of the relationship of employer and employee at the time of the accident, must be determined in an action at law against the commission. If the remedy by an action at law is ample and the only remedy in the case of a rejected claim based upon a disagreement between the claimant and the commission as to such matters of fact, we can see no good argument why the same remedy is not as plain, speedy, and adequate where the rejection of the claim is based upon a difference of opinion as to a mere matter of law. Many cases arise in which disputes between litigants are based simply upon a difference of contention as to a matter of law. Our statutes provide for a simple method of submission of such controversies to the district courts. (Rev. Laws, 5252–5254.)

2. In the administration of the important duties imposed upon the Nevada Industrial Commission, that commission will doubtless often be required, as it interprets its duty, to reject claims in whole or in part, and both upon questions of fact and law. If a claim is finally rejected *in toto*, that is the end of it so far as the commission is concerned, unless a judgment is obtained against the commission in a court of competent jurisdiction, in which event the judgment will have the force of an allowed

claim. Should the commission refuse to pay such final judgment, *mandamus* would be an appropriate remedy.

It was never intended that this court, through the agency of some extraordinary writ, should be made the instrument for furnishing legal advice to boards, commissions, and officers. Petitioner has or has not a legal claim against the respondent commission. A district court is the proper forum to determine the legality of his claim, and, if a legal claim, the amount he is entitled to recover under the statute. If, after a judgment in the district court, either party is dissatisfied with such judgment, the remedy of appeal to this court is available.

If the legislature had not adopted the statute under which petitioner claims compensation, he would, if he sought to enforce compensation from his employer, be compelled to institute his suit in the district court. It cannot, in reason, we think, be contended that a person entitled to compensation for personal injury has, by virtue of the statute, been granted any different remedy to establish his right to such compensation than that which before existed.

Petitioner having an adequate remedy at law, proceeding in *mandamus* is not available. (*State ex rel. Mighels* v. *Eggers,* 36 Nev. 364, 136 Pac. 104; *State ex rel. Abel* v. *Eggers,* 36 Nev. 372, 136 Pac. 100, 104; *State ex rel. Kendall* v. *Cole,* 38 Nev. 215, 148 Pac. 551.)

The demurrer to petition is sustained.