[Civ. No. 4048. First Appellate District, Division Two.—December 19, 1921.]

PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Plaintiff and Respondent, v. COMMONWEALTH BONDING AND CASUALTY INSURANCE COMPANY (a Corporation), et al., Defendants and Respondents; STATE OF CALIFORNIA, Intervener and Appellant.

[1] WORKMEN'S COMPENSATION ACT—ASSIGNMENT OF CLAIM TO STATE —CONSIDERATION OF PAYMENT—INVALIDITY.—An assignment to the state of an award of compensation made under the Workmen's Compensation Act in consideration of the payment by the state of the claim of the assignor against a third party for personal injuries received through the negligence of such third party is contrary to the express provisions of section 29a of the Workmen's Compensation Act of 1913, and therefore illegal and of no force or effect.

[2] ID.—CONSTRUCTION OF ACT — PROHIBITION OF ASSIGNMENT OF CLAIMS AND AWARDS.—Under section 29a of the Workmen's Compensation Act of 1913, providing that no "claim" for compensation shall be assigned "before payment," the word "claim" is used in its broadest sense, and covers both claims and awards, since claims are not paid until they become awards and the only thing payable under the provisions of the act is awards.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Arthur Keetch, Deputy Attorney-General, and John W. Maltman for Appellant.

E. B. Drake, Newlin & Ashburn and J. W. McKinley for Respondents.

LANGDON, P. J.—This action was brought by the plaintiff by complaint in interpleader to determine ownership of certain moneys owing by the plaintiff by reason of a judgment against it. The state of California intervened and the trial court found in favor of the defendants George L. Makley, Los Angeles Stone Company, and E. J. Lennox, and against the intervener. This appeal is taken by the intervener. The facts are:

On or about the twenty-ninth day of August, 1914, George L. Makley was injured through the negligence of the Pacific Electric Railway Company, a corporation. At that time the Commonwealth Bonding and Casualty Insurance Company, a corporation, was a duly empowered and acting insurance company in the state of California and was carrying the liability insurance covering the injuries received by the said Makley. In November, 1914, Makley filed his application with the Industrial Accident Commission of this state for compensation under the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), and after due and proper proceedings upon said application, the Industrial Accident Commission made an award against said Bonding Company in favor of said Makley of $8.44 a week for 240 weeks. Under this award the Bonding Company paid $422 in cash and various sums to doctors, hospital, etc., in payment of bills growing out of said injuries, and amounting in all to the sum of $1,509.95.

In October, 1915, James L. Boone was appointed receiver for and on behalf of the Bonding Company in proceedings duly and regularly taken to have said Bonding Company declared a bankrupt. Subsequently, and on April 27, 1916, the Industrial Accident Commission, by an amended finding, made an award to Makley against the said Bonding Company and its receiver in the sum of $3,613.21, which compensation was in addition to the sums already paid by the said Bonding Company for and on account of said Makley.

On January 28, 1915, by reason of the provisions of said Workmen's Compensation, Insurance and Safety Act, the Bonding Company filed an action in the superior court of the state of California in and for the county of Los Angeles

to recover the sum of $30,000 from Pacific Electric Railway Company because of the injuries.to Makley. Said cause resulted in a judgment for $8,000 in favor of plaintiff entered therein on November 22, 1915. Before the trial of said action James L. Boone, the receiver, and George L. Makley were substituted as plaintiffs in the place and stead of the Bonding Company. In said action an appeal was taken by the defendant to the supreme court of this state, and said judgment was affirmed on August 7, 1919. Following this affirmance, the Pacific Electric Railway Company paid into court the amount of the judgment with interest and filed its complaint in interpleader herein.

On August 25, 1917, the state of California paid to Makley the sum of $3,613.21 by virtue of an act of the legislature which recited that the said amount was appropriated to pay a claim of said Makley. On the same day, by reason of said payment to him, Makley made and executed an assignment to the state of California, said assignment being in words and figures as follows:

"For and in consideration of the sum of Three Thousand Six Hundred Thirteen and twenty-one hundredths ($3,613.21) Dollars, lawful money of the United States, to me in hand paid by the State of California, the receipt whereof is hereby acknowledged, I hereby sell, assign, transfer and set over unto the said State of California, all that certain award heretofore made and rendered in my favor and against Commonwealth Bonding and Casualty Insurance Company, a corporation, and J. L. Boone, the receiver of said corporation, by the Industrial Accident Commission of the said State of California, on or about the 23d day of January, 1915, and 1st day of May, 1916.

"Together with all moneys due and to become due to me under and by virtue of said award, and all claims, demands and causes of action of every kind and nature whatsoever, in any manner arising from or growing out of said award, against said Commonwealth Bonding and Casualty Insurance Company, a corporation, and the said J. L. Boone as receiver thereof, as well as against all other receivers and stockholders of said corporation.

"And I hereby authorize my said assignee to take any and all such steps, actions and proceedings, both legal and equitable, in my name or otherwise, as it may be advised, which

are or may become necessary or proper to recover from said corporation, its receivers and stockholders, all moneys due and to become due me under and by virtue of said award and to retain for the use and benefit of said State of California all moneys and other things of value which may be so recovered.''

Because of the foregoing assignment, the state of California claims an interest in the money paid into court by the Pacific Electric Railway Company in satisfaction of the judgment against it. The award°of $3,613.21 made against the receiver for the Bonding Company was never paid by him or anyone, and said receiver did not claim reimbursement for payment of said award in this suit, but merely asked for and received, by the judgment, reimbursement for the amount paid by the Bonding Company to Makley for weekly compensation, doctors' bills, etc., under the first award, together with interest thereon. The portions of the judgment in favor of defendants Lennox and Los Angeles Stone Company, do not concern us here, as these defendants received the amount of their claims by reason of stipulations entered into between them and the defendant Makley. The only possible theory upon which the appellant would have an interest in this fund would be based upon the contention that the assignment of the award was a valid one and that the receiver was bound to pay the amount of the award to appellant and to be reimbursed for such payment out of the money paid by the Pacific Electric Railway Company, and that the receiver, failing to set up such matters and protect the rights of appellant, it was entitled to protect its own interests in the present action by reaching the fund directly instead of indirectly.

[1] So we are brought squarely to the question of the validity of said assignment. Let us concede, for the purposes of this opinion, the appellant's contention that the act of the legislature was valid on its face and is conclusive on this court. We may also concede the rule to be well settled that a party to an *ultra vires* contract will not be allowed to plead *ultra vires* while at the same time retaining benefits thereunder. This, however, only in part meets the objections made by Makley to the validity of the assignment. For there is a limitation upon the above rule to the effect that where the contract is illegal or against public policy the courts will refuse to enforce it and will

leave the parties where it finds them, regardless of the fact that one of them may be retaining benefits received thereunder. (*Visalia Gas etc. Co.* v. *Sims,* 104 Cal. 326 [43 Am. St. Rep. 105, 37 Pac. 1042].) A contract that is unlawful as being against the express provisions or general policy of any particular statute is void and will not be enforced by the courts. (See note to *In re Assignment Mutual Guaranty Fire Ins. Co.* [107 Iowa, 143, 77 N. W. 868], 70 Am. St. Rep. 149, at p. 170, and cases cited thereunder.) These legal principles become decisive of the present appeal because under the Workmen's Compensation Act as it stood at the time of this purported assignment there was the following provision: "No claim for compensation shall be assignable before payment. . . . " (Sec. 29a, 1913 W. C. I. & S. Act (Stats. 1913, p. 294.) Appellant contends that this refers only to "claims" as distinguished from "awards." There is much reason in his argument that a restriction upon the assignment of "claims" which are uncertain in amount is more necessary than a restriction upon the assignment of "awards" which are fixed amounts, under technical definitions of these terms. [2] We are not concerned with this argument here, however, and this court is bound to hold that the above provision, obviously, was intended to cover both claims and awards and that the word "claim" is used in this broad sense. The act states that no assignment shall be made "before payment." Claims are not paid until they become awards, and it is clear that the only thing payable under the provisions of the act is awards. It is evident that the legislature intended that there should be no assignment of claimant's rights whatsoever and that the award should be paid by the one against whom it was made directly to the claimant and to no one else.

Appellant argues that as the state paid the full amount of the award to Makley, his award or claim was paid within the language of the act and thereafter could be assigned. Such reasoning is, we think, fallacious, and would give to the language of the act no force and effect. The award is not "paid" within the clear meaning of the act until it is paid by the person against whom it is awarded. Any payment of the same amount or of double or triple the amount by an outsider would not discharge and pay the award, but

the award would still be due and unpaid, and would always remain so until paid by the person against whom it was made.

We are of the opinion that the assignment upon which the appellant bases its contention is contrary to the express provisions of the Workmen's Compensation Act, and is, therefore, illegal and of no force and effect under the authorities above cited, and the appellant could acquire no rights thereunder.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.