# DUNSEATH *v.* NEVADA INDUSTRIAL COMMISSION

No. 2872

December 2, 1929.                                        282 P. 879.

*Harry Dunseath,* for Appellant:

*M. A. Diskin,* for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

Appellant brought this action in the court below against the Nevada industrial commission to compel the commission to pay him the sum of $600 out of an

award to an injured workman. It is alleged in the complaint that said amount is the agreed compensation for appellant's services as an attorney for securing for said workman an enlarged compensation in an action instituted in the district court against the commission.

Respondent filed a demurrer to the complaint, and as grounds of demurrer alleged that the complaint did not state facts sufficient to constitute a cause of action, and further that the contract sued upon was in direct violation of the specific provisions of the statutes of Nevada and contrary to public policy.

The demurrer was sustained by the court and judgment entered thereon. The judgment is based upon the conclusion of the court that the contract for compensation of the attorney out of the moneys of the award is void under the provisions of section 28 of the Nevada industrial insurance act (Stats. 1913, c. 111), as amended by Stats. 1915 at page 291, c. 190, sec. 10. The section in part reads:

"Compensation payable under this act, whether determined or due, or not, shall not, prior to the issuance and delivery of the warrant therefor, be assignable; shall be exempt from attachment, garnishment, and execution, and shall not pass to any other person by operation of law."

Appellant contends that the provisions of this section are not applicable in a case like this where an enlarged compensation has been awarded by a court, but are applicable only to an original award made by the commission. We do not agree with this contention. The terms of the section are clearly against it. The exemptions and prohibitions found in the section apply to all "compensation payable under the act."

If the district court had jurisdiction of the action for an enlarged compensation, how can it be said that the claim rejected by the commission and finally awarded by the court is not compensation payable under the act. Counsel virtually conceded jurisdiction by instituting that action, and such jurisdiction has not been questioned by counsel in any of the cases of that character

coming to this court. It has been held by this court that, after a claim for compensation had been rejected by the commission, a judgment might be obtained against it in a court of competent jurisdiction. State v. Nevada Industrial Commission, 40 Nev. 220, 161 P. 516, 518. In this regard the court said:

"If a claim is finally rejected in toto, that is the end of it so far as the commission is concerned, unless a judgment is obtained against the commission in a court of competent jurisdiction, in which event the judgment will have the force of an allowed claim. Should the commission refuse to pay such final judgment, mandamus would be an appropriate remedy."

As such a judgment has the force of an allowed claim and it is the duty of the commission to pay it, the compensation awarded by the judgment comes clearly within the scope of section 28.

■ Counsel for appellant calls our attention to Richey v. Ziegler, 89 Cal. App. 35, 264 P. 293. It is claimed that the case is directly in point and in accord with his contention. While counsel did not discuss the case, we think the statement he must rely on to the effect that the defendants could not invoke the defense of the invalidity of the assignment is inconsistent with the purpose of section 28 of our act. This section clearly expresses the intention of the legislature that the award shall be paid only to the claimant. A contract to the contrary is of no force and effect. Pacific Electric Ry. Co. v. Commonwealth Bonding & Casualty Ins. Co. et al., 55 Cal. App. 704, 204 P. 262.

■ It is further contended that said section is in violation of section 15, article 1, of the Constitution of Nevada, and of section 10, article 1, of the Constitution of the United States. This contention is likewise untenable.

To impair, within the meaning of the constitutional inhibition, "is in some way to weaken or diminish the power which the courts had when the contract was made to enforce it, if enforcible specifically, or to give remedy by damages for failure to perform it." Miller

on Const. of U. S. p. 541; quoted in Brearley School v. Ward, 201 N. Y. 358, 367, 94 N. E. 1001, Ann. Cas. 1912B, 251. Mr. Justice Miller, in his treatise on the Constitution of the United States, at page 531, speaking of the meaning of this constitutional inhibition, also says:

"What is meant is that after the contract has been made no state shall make a law which impairs its force, and it does not mean anything more than that."

The section assailed by appellant was enacted long prior to the contract in question. Consequently, under the elementary rule stated above the obligation of this contract could not be impaired by it. 6 R. C. L. p. 326, par. 315, and cases cited in notes 14, 15, 16, and 17.

■ In appellant's closing brief are found objections on other constitutional grounds, but we think they are without merit. Lynch and appellant were not prohibited by the section from contracting for the payment of an attorney fee to the latter, but from agreeing that it should be paid out of the award. We are satisfied that the provisions of the section in this regard are within the police power of the legislature. Appellant denounces the statute as unjust, but this consideration was for the legislature.

The judgment of the lower court should be affirmed. It is so ordered.

COLEMAN, J.: I concur in the opinion of the CHIEF JUSTICE, and in the order affirming the judgment.

It nowhere appears that the plaintiff has subjected his claim against Lynch to a judgment, nor is he a party to this action, but, assuming that neither is essential, and that the plaintiff has a just claim against Lynch, such a state of facts will not affect the situation so far as the defendant is concerned.

Lynch's right of recovery is pursuant to the industrial insurance act, and every one claiming through, under, or by it is limited in his rights to its terms. This act expressly negatives the idea that any one can obtain an interest in a claim existing pursuant to

its provisions other than the injured party. The statute authorizing the award to a claimant on certain conditions being a special act, those conditions must control, notwithstanding the general law as to attorney's liens. State v. Beard, 21 Nev. 218, 29 P. 531; 36 Cyc. 1087.

While section 5376, Rev. Laws, provides for attorney's liens, it expressly excepts those cases restrained by law. As I have pointed out, there can be no claim asserted under the special act; hence there is nothing constituting a basis for a lien.

SANDERS, J., dissenting.

The briefs concede the facts admitted by the demurrer to the complaint to be substantially as follows: Harry Dunseath, hereafter called the plaintiff, is an attorney at law residing in Reno. The Nevada industrial commission, hereafter called the defendant, has offices in Carson City. The Tonopah Extension Mining Company is a corporation engaged in mining at Tonopah, Nye County. Travis H. Lynch at the times mentioned was in the employ of said corporation, in what capacity the record does not show. Both the corporation and Lynch had accepted the terms of the statute known as the "Nevada Industrial Insurance Act," hereafter called "the act." In 1917 Travis H. Lynch was accidently injured in the course of his employment. The character of his injury is not shown. In August, 1917, the defendant awarded Lynch compensation for total disability for a period of one year. Thereafter the commission determined that Lynch was totally disabled, and awarded him what it considered to be, under the law, an amount which represented the total amount of compensation that the law authorized.

Lynch contended before the commission that he was entitled to the compensation allowed under the law for permanent total disability. This contention was denied and refused by the commission, and Lynch was informed that his compensation would cease at the time specified in the. award. Lynch was not represented by

the plaintiff, or any attorney, in the proceedings before the commission. In June, 1917, and after he was informed that his compensation would cease at a specified time, Lynch consulted and employed the plaintiff to prosecute an action against the commission in the district court in and for Nye County to recover the sum of $50 per month for life as compensation payable under the act for permanent total disability.

Lynch entered into an agreement with the plaintiff whereby he agreed to pay plaintiff as full compensation for his services $600 out of the amount recovered in the action. The action was instituted, and upon issues joined, upon an agreed statement of facts, Lynch had judgment against the commission for the sum of $50 per month, payable each and every month during his life, beginning on July 15, 1928. The commission paid Lynch on account of the judgment the sum of $350. In February, 1929, a controversy arose between Lynch and the plaintiff over the fee agreed to be paid plaintiff. Lynch refused to carry out his agreement with plaintiff. Thereupon, on February 28, 1929, the plaintiff filed a declaration of attorney's lien in said court and cause upon the judgment recovered in favor of his client, Lynch, for the sum of $600. In March, 1929, plaintiff commenced this suit in the district court of the First judicial district in and for Ormsby County, at Carson City, to impose his alleged lien upon the proceeds of the judgment recovered in favor of his client in the hands of the defendant. The defendant demurred to the complaint upon the general ground that it did not state facts sufficient to constitute a cause of action, and upon the special ground that the contract of employment set up and made a part of the complaint was one in direct violation of the specific provisions contained in the statute creating the Nevada industrial insurance commission and that the contract was contrary to public policy. The plaintiff appeals from the decision sustaining the demurrer.

Our statute, section 5376, Revised Laws, provides that the compensation of an attorney for his services

is governed by agreement, expressed or implied, which is not restrained by law. If then the agreement which constitutes the basis for an equitable lien against the funds in the hands of the defendant is not one restrained by law, then, under the same section of the statute, the complainant is entitled to a lien upon the proceeds of the judgment in the hands of the commission.

The learned attorney-general, who is ex officio attorney for the commission, insists in argument that the agreement constituting the equitable lien or assignment of $600 of the amount recovered in favor of Lynch is prohibited by the terms of section 28 of the statute creating the commission. The contention is based upon the assumption that, however meritorious the consideration of the agreement in question may be, the prohibition of the statute against assignments of compensation and exempting it from the payment of debts controls. The controversy between Lynch and the commission, as to the amount of compensation, was submitted to a court of competent jurisdiction for determination and decision upon an agreed statement of facts. Lynch had judgment. Should the commission refuse to pay the judgment, mandamus would be a proper remedy to enforce it. State v. Nevada Industrial Insurance Commission, 40 Nev. 220, 161 P. 516. This being so, the defense interposed by the demurrer to the complaint, that the agreement constituting the equitable lien or assignment was prohibited by the terms of section 28 of the act, is not available to the defendant in this suit. Sanborn v. Maxwell, 18 App. D. C. 245.

It is my opinion that, where an injured workman has been denied and refused the compensation payable under the act, and the workman is forced to resort to his remedy at law in a court of competent jurisdiction to obtain that which the law allows, it is competent for the claimant to employ an attorney and agree to pay him for his services a fair, just, and reasonable fee contingent upon the success of the litigation. The services rendered by the plaintiff in this case were

undoubtedly legitimate and not obnoxious to any rule of public policy. The plaintiff's services consisted of the recovery of the amount his client was entitled to under the act, and the agreement between the attorney and client, as alleged in the complaint, is at least sufficient foundation for the enforcement of the equitable lien upon the fund in the hands of the defendant and within the jurisdiction of the court.

For the reasons given, the order sustaining the demurrer should be reversed, with costs, and the cause remanded for further proceedings.

### ON PETITION FOR REHEARING

April 29, 1930.

*Per Curiam:*

Rehearing denied.

SANDERS, J.: I dissent.