**BACCIGLIERI v. GHEZZI et al.**

No. 5359.

District Court of Alaska. Fourth Division. Fairbanks.

June 8, 1946.

Maurice T. Johnson, of Fairbanks, Alaska, for plaintiff.

Julien A. Hurley, of Fairbanks, Alaska, for Bailey E. Bell.

PRATT, District Judge.

On the 15th day of March, 1946, ·the motion of the plaintiff to discharge his attorney, Bailey E. Bell, for cause came on before the Court for hearing.  Each appeared in person and introduced his evidence, and the Court granted plaintiff's motion to discharge his said attorney and entered an order discharging him as attorney in the case.

On the 18th and 19th days of March, 1946, this cause having been theretofore regularly set for trial, came on and was tried, the plaintiff acting as his own attorney.  The jury rendered a verdict, finding that plaintiff was ninety per cent  totally, permanently disabled from the injury sustained by him as an employee of the defendants set forth in the pleadings in this case.  They awarded him the sum of $7358.00 and costs.

On March 26, 1946, the Court, as a part of the judgment in the case, adjudged that a reasonable attorney's fee for the services performed by Bailey E. Bell in this action, up until his discharge on March 15, 1946, was the sum of

$300 and that plaintiff should recover that sum from the defendants for said attorney's fee.

On March 29, 1946, said Bailey E. Bell filed a claim for a $2000 attorney's fee upon said judgment, alleging that it was "by reason of a contract for legal services based upon a percentage of the amount received by the plaintiff from the defendants, and Insurance Carrier.

"That I was the attorney that filed the suit, and was the attorney of record therein."

On May 22, 1946, plaintiff filed a motion for an order dismissing said claim of lien of said Bailey E. Bell.

The motion and the accompanying affidavit, which was not denied, alleged the matters above set forth and the following further matters:

That plaintiff had deposited with the clerk of the above-entitled court a certified check payable to the order of said Bailey E. Bell, in the sum of $300, in full payment of the attorney's fee allowed by the Court to said Bailey E. Bell; that the defendants were holding up $2000 of the money due plaintiff on the judgment in this case, pending the adjudication of said alleged lien;

That the only understanding plaintiff had with said Bailey E. Bell regarding attorney's fees was verbal and contingent upon said Bell recovering certain moneys in this case, "but that the said Bailey E. Bell had so mismanaged and mishandled the said case that it was necessary for this Plaintiff to ask for the removal of the said Bailey E. Bell as attorney for this Plaintiff."

The motion alleged that said Bailey E. Bell was not entitled to any attorney's fee other than said $300.

This action was brought under the Workmen's Compensation Act of Alaska, of which sections 2200 and 2202, Compiled Laws of Alaska 1933, are a part.

Said sections provide:

"No claim for compensation due hereunder shall be assignable, and all compensation due hereunder shall be exempt from execution."

"In all suits or actions for the recovery of compensation * * * under the provisions hereof, the prevailing party shall be entitled to and the court shall allow in addition to the other costs and disbursements provided by statute, a reasonable attorney's fee, the same to be fixed by the court, and such attorney's fee shall be allowed in a sufficient sum to reasonably cover the entire attorney's fee of the prevailing party in any such suit or action."

The only provision of the laws of Alaska relative to an attorney's lien are found in section 702, Compiled Laws of Alaska 1933, which contains the following provisions pertinent to this case:

"An attorney has a lien for his compensation * * *

"Fourth. Upon a judgment to the extent of the costs included therein, or if there be a special agreement, to the extent of the compensation specially agreed on, * * *."

Said section 702 was passed by congress and approved on June 6, 1900.

Said sections 2200 and 2202 were passed in 1929 and, therefore, would repeal any part of section 702 which was inconsistent with them.

However, as the $300 attorney's fee allowed was allowed as costs, it would appear that said Bailey E. Bell had a lien on said costs for said amount.

As to whether or not there was a special agreement between plaintiff and said Bell which specially agreed upon definite compensation, the plaintiff's attorney urged that as the affidavit attached to the motion was not denied and therefore admitted and as the affidavit stated that the agreement between plaintiff and the said Bell was a percentage of moneys to be recovered by said Bell and said Bell had not recovered any such moneys, no lien attached.

In the light of other matters which will hereinafter be dealt with, the Court does not deem it necessary to pass upon the last mentioned question.

In 71 C. J., page 1404, section 1347, it is stated:

"In a number of jurisdictions the compensation acts therein contain provisions prohibiting the assignment of claims for compensation under the Workmen's Compensation Act and exempting them from claims of creditors and from levy, execution, attachment, or other remedy for the collection thereof. In such case the employee cannot assign to his attorney an interest in the cause of action. The fund arising from an allowance by the industrial commission under the Workmen's Compensation Law is exempt from the common-law lien of an attorney on a fund produced by his services, * * *. A claim for attorney's fees cannot become a lien on the award, nor be collected out of it except in the amount approved by the commission, and until the claim for attorney's fees is so approved the attorney is without authority of law to hold the proceeds of the award without the consent of the claimant."

In 71 C.J., page 924, section 673, it is stated:

"Express prohibition is made in some of the compensation acts against assignment or transfer of claims for compensation. The purpose of such a provision is to secure the application of an award to the necessities of the injured employee or his dependents as a substitute for wages and a protection against want and to prevent the dependent and disabled from being public charges. * * *"

In Dunseath v. Nevada Industrial Commission, 1929, 52 Nev. 104, 282 P. 879, Dunseath, the attorney for an injured employee, sued to compel the commission to pay him $600 for an attorney's fee out of an increased award to an injured workman. A demurrer to the complaint was sustained, based upon the conclusion of the court that the contract for compensation of the attorney out of the moneys of the award was void under the provisions of section 28 of the Nevada Industrial Insurance Act, St. 1913, c. 111, as amended, St. 1915, c. 190, § 10. The section, in part, reads:

" 'Compensation payable under this act   *   *   *   shall not, prior to the issuance and delivery of the warrant therefor, be assignable; shall be exempt from attachment, garnishment, and execution, and shall not pass to any other person by operation of law.' "

The supreme court held (282 P. at page 880) :

"This section (section 28) clearly expresses the intention of the Legislature that the award shall be paid only to the claimant.   A contract to the contrary is of no force and effect.   *   *   * "

The judgment of the lower court was affirmed.

In English v. McCorkle, 1941, Tex.Civ.App., 157 S.W. 2d 965, the Texas statute provided that compensation to injured employees "shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable,   *   *   *   and any attempt to assign the same shall be void." Vernon's Ann. Civ.St. act. 8306, § 3.

English held a judgment of compensation in favor of one McConnell, who had assigned the same to him.

The court held (157 S.W.2d at page 967) :

"We are of the opinion that the statute means exactly what it says and that McConnell had no authority to assign his judgment to English and any attempt to do so was, in the language of the statute, void."

A careful search of the authorities fails to reveal any holdings contrary to those mentioned above under similar facts and statutes.

It is, therefore, the opinion of the Court that said Bailey E. Bell had no lien whatsoever for any attorney's fee on the judgment of the plaintiff in this case, over and above the lien on the $300 attorney's fee fixed by the Court.

As plaintiff deposited with the clerk of this court a certified check payable to the order of said Bailey E. Bell in

the sum of $300 as payment of said attorney's fee, the question arises as to whether or not that is a sufficient tender.

Section 4271, C.L.A. 1933, provides:

"The person to whom a tender is made shall at the time specify any objection he may have to the money, instrument, or property, or he must be deemed to have waived it; and if the objection be to the amount of money, the terms of the instrument, or the amount or kind of property, he must specify the amount, terms, or kind which he requires, or be precluded from objecting afterwards.

It is not denied that such a check was so deposited. No objection was filed to it.

However, the said Bailey E. Bell was entitled to recover $300, plus interest at six per cent per year from March 26, 1946, so that even a sufficient tender of $300 would be insufficient in this case.

As the said Bailey E. Bell had no right of lien whatsoever upon any part of the judgment except the cost part, as distinguished from the compensation part, his claim of lien was null and void ab initio as to any part of the judgment, other than the $300 attorney's fee, plus interest thereon at six per cent per annum from March 26, 1946, and his lien on that was limited to the sum fixed by the Court, which was $300 plus interest as aforesaid.

The laws of Alaska do not set up any procedure with reference to attorney's liens after the claim for the same has been filed.

By the act of congress, approved June 6, 1900, 31 Stat. 446, section 723, section 1555, C.L.A. 1913, it is provided:

"When jurisdiction is by any law of the United States conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding be not specially pointed out by this code, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code."

Said section has at all times been in force in Alaska and appears as section 3318, C.L.A. 1933, except that the codifiers have erroneously substituted the word "title" where the word "code" was used in the original section.

By reason of the foregoing, it is the opinion of the Court that the procedure used by counsel and court, as mentioned in this opinion, is warranted, and the same is adopted to carry out the spirit of the Alaska Workmen's Compensation Act. C.L.A. 1933, § 2121 et seq.

Wherefore said lien claim being invalid ab initio as to the part of the judgment in this case awarding compensation in the sum of $7358, said lien claim is hereby adjudged void, and it is dismissed as to said $7358. Said lien claim is hereby limited to the sum of $300, plus interest thereon at the rate of six per cent per year from March 26, 1946, and is adjudged void as to any further or other sum, and said motion is denied insofar as it seeks the dismissal of said lien upon said $300 attorney's fee, plus interest at six per cent per year from March 26, 1946.