NEVADA INDUSTRIAL COMMISSION, Appellant, v.
VERNON L. WILLIAMS, Respondent.

No. 7830

October 30, 1975                    541 P.2d 905

---

*Frank A. King*, of Las Vegas, for Appellant.

*Charles L. Kellar*, of Las Vegas, for Respondent.

**OPINION**

By the Court, THOMPSON, J.:

Vernon Williams is partially disabled by reason of a respiratory deficit, cause unknown. Through a claim filed with the Nevada Industrial Commission he sought compensation for his ailment, alleging that on February 6, 1972, while employed as a room service waiter at the Desert Inn Hotel, Las Vegas, he inhaled a concentrated amount of poisonous gas. An investigator for the Commission interviewed coemployees on duty that day and none was found to have experienced any unusual odor or gas, and the area of the hotel in which the incident is alleged to have occurred was found to have been properly ventilated. Consequently, his claim was denied for failure to show an injury arising out of and in the course of his employment.[1]

---

[1]NRS 617.440(3): "The disease need not have been foreseen or expected, but after its contraction must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a natural consequence."

Williams received a claims level hearing on May 24, 1972, and a Commission level hearing on November 10, 1972. His claim, in each instance, was denied for failure to establish that his respiratory deficit was in any respect related to his employment at the Desert Inn. Williams then filed a petition for review with the district court. That court ordered a rehearing before the Commission to consider "new evidence" which Williams desired to offer. NRS 233B.140. The Commission once more denied his claim for the same reason as before.

On March 8, 1974, Williams filed a petition for a writ of mandamus with the district court. The entire file concerning his claim and the transcripts of hearings thereon were submitted to the court. An evidentiary hearing was not held. After reviewing the file and transcripts, the court directed that a peremptory writ of mandamus issue commanding the Commission to pay Williams compensation from the date of his claimed injury, attorneys' fees, and other specified relief. From this order the Commission has appealed.

Mandamus is not the proper remedy. State v. Nevada Ind. Commission, 40 Nev. 220, 161 P. 516 (1916). That extraordinary proceeding is not available when there exists a plain, speedy and adequate remedy at law. NRS 34.170.

Before July 1, 1973, it was permissible for an employee to commence an action against the Commission in the district court to challenge its handling of his claim, and the court had the power to hear and consider evidence and make its own independent findings and decision. Nevada Indus. Comm'n v. Strange, 84 Nev. 153, 437 P.2d 873 (1968); Dahlquist v. Nevada Ind. Com., 46 Nev. 107, 207 P. 1104 (1922).

On July 1, 1973, NRS 616.543 and NRS 617.165 became effective. Each provides that the Administrative Procedure Act shall govern judicial review of rulings of the Nevada Industrial Commission. That Act, among other things, provides that court review shall be confined to the record (NRS 233B.140(4)) and precludes the court from substituting its judgment for that of the agency as to the weight of the evidence on questions of fact (NRS 233B.140(5)).

If we were to consider the petition for a writ of mandamus filed herein as a petition for review within the contemplation of NRS 233B, we would be compelled to rule that the district court erred in failing to honor the decision of the Commission. Clearly, the question of whether the injury or disease was

related to the claimant's employment was factual in nature. That issue was resolved against the claimant upon substantial evidence. Consequently, the court was precluded from substituting its view of the evidence for that of the Commission. NRS 233B.140(5).[2]

Reversed, and the ruling of the Nevada Industrial Commission is reinstated.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2]The constitutionality of NRS 233B concerning judicial review of rulings of the Nevada Industrial Commission is not questioned in this case and we express no opinion in that regard.