FRANCESCA BERO-WACHS, Appellant, v. THE LAW OFFICE OF LOGAR & PULVER, Respondent.

No. 44488

LAW OFFICE OF LOGAR & PULVER, APC AND DAN DeGEUS, C.P.A., Petitioners, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, THE HONORABLE CHUCK WELLER, AS Successor to THE HONORABLE SCOTT JORDAN, Department 11 Thereof, Presiding, Respondent, and FRANCESCA BERO-WACHS AND JEFFREY ALAN WACHS, Real Parties in Interest.

No. 46865

May 3, 2007                                        157 P.3d 704

---

[Rehearing denied July 5, 2007]

*Law Office of William M. O'Mara* and *David C. O'Mara* and *William M. O'Mara*, Reno, for Appellant/Real Party in Interest Bero-Wachs.

*Richard F. Cornell*, Reno, for Respondent/Petitioners.

*Law Office of Logar & Pulver, APC*, and *Ronald J. Logar* and *Eric A. Pulver*, Reno, for Respondent.

*Donald K. Coppa*, Reno, for Real Party in Interest Wachs.

Before the Court EN BANC.

# OPINION

By the Court, DOUGLAS, J.:

In this opinion, we consider two issues regarding attorney's liens. First, we consider whether an attorney's lien attaches to property awarded in a divorce decree that is exempt from execution by a creditor. Second, we consider whether an attorney can include a forensic accountant's fees in his attorney's lien if the client entered into an independent contract with the accountant to pay for the accountant's fees.

As to the first issue, we conclude that an attorney's lien does not attach to exempt property awarded in a divorce decree. Although the attorney's lien statute broadly encompasses all money or property recovered in an action, this broad language must yield to Nevada's exemption statute. As to the second issue, we conclude that an attorney cannot include an accountant's fees in his attorney's lien if the client has already entered into an independent contract with the accountant to pay for the accountant's fees. In this situation, the client is the sole principal for purposes of the contract, and the attorney is not responsible for accounting services rendered under the contract. Consequently, the attorney cannot include these accounting fees as costs in the attorney's lien.

## FACTS AND PROCEDURAL HISTORY

Appellant Francesca Bero-Wachs filed for divorce against her husband, Dr. Jeffrey Alan Wachs, in August of 2000. Bero-Wachs believed that her husband was concealing assets, that he was intentionally living beyond his means to deplete marital assets before a divorce decree could be entered, and that he was intentionally and extensively commingling his personal finances with those of his medical practice in an attempt to hide income and assets.

Approximately one year into the divorce proceedings, Bero-Wachs substituted in attorney Ronald J. Logar as her counsel. Logar recommended that Bero-Wachs hire Dan DeGeus, a forensic accountant, to conduct a thorough valuation of Wachs's practice and to evaluate whether Wachs wasted community assets by living

above his means. Bero-Wachs then entered into an independent retainer agreement with DeGeus.

With regard to the issue of waste, Bero-Wachs sent Logar and DeGeus several letters requesting that they uncover hidden assets and that they perform a complete valuation of Wachs's personal expenses and medical practice to uncover any income that Wachs may have hidden in his medical practice. Logar filed numerous motions on Bero-Wachs's behalf in an attempt to accomplish this goal. Logar and DeGeus worked together to separate Wachs's personal expenses from his business expenses, and they performed a relatively complex valuation of Wachs's medical practice. Logar represented Bero-Wachs through trial, and he also filed several post-trial motions on Bero-Wachs's behalf. After the decree of divorce was entered, Bero-Wachs notified Logar and DeGeus in writing of her refusal to pay the fees for their services.

Logar subsequently filed and obtained an attorney's lien in the divorce proceedings, which included DeGeus's fees and costs in addition to his own fees and costs. The district court ultimately upheld the lien and determined that the lien did not attach to Bero-Wachs's alimony award, but that it attached to all other assets awarded to her in the divorce decree, including four individual retirement accounts (IRAs).

Bero-Wachs has appealed, contending that the district court erroneously determined that an attorney's lien could attach to her purportedly exempt IRAs, which were awarded to her in the divorce decree, and that the district court erroneously included DeGeus's accountant fees in the attorney's lien. Logar, on his part, has filed a petition for a writ of mandamus, requesting that this court compel the district court to declare, among other things, that Bero-Wachs's alimony award is not exempt from his attorney's lien.

The appeal and writ petition raise two issues of first impression that we now address: (1) whether an attorney's lien attaches to property awarded in a divorce decree that is exempt from execution by creditors; and (2) whether an attorney can include a forensic accountant's fees in his attorney's lien if the client has independently contracted with the accountant to pay the fees.

## DISCUSSION

*An attorney's lien does not attach to assets awarded in a divorce decree that are exempt from execution by creditors*

The first question before the court is whether an attorney's lien attaches to court-ordered alimony and to qualified IRAs awarded in a divorce decree, both of which may otherwise be exempt from execution by creditors. These exemptions arise from the Nevada

Constitution, which mandates that debtors enjoy certain exemptions from payment of *any* debts:

> The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for payment of any debts or liabilities hereafter contracted . . . .[1]

The Legislature enacted what is now NRS 21.090 to fulfill the mandate set forth in the Nevada Constitution. NRS 21.090(1)(s) provides that alimony is exempt from execution, including:

> All money and other benefits paid pursuant to the order of a court of competent jurisdiction for the support and maintenance of a former spouse, including the amount of any arrearages in the payment of such support and maintenance to which the former spouse may be entitled.

NRS 21.090(1)(s) specifically exempts *all* money and benefits paid ''for the support and maintenance of a former spouse,'' including the amount of any arrearages. Additionally, NRS 21.090(1)(q) exempts qualified IRAs to the extent that they conform to specific provisions of the Internal Revenue Code.

While NRS 21.090 exempts alimony and certain retirement accounts from execution, NRS 18.015 allows an attorney to place a lien upon his client's claim or cause of action in the amount of a reasonable fee for the attorney's services. This lien ''attaches to *any* verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.''[2] Therefore, NRS 18.015 broadly allows an attorney's lien to attach to a client's interest in the judgment or decree.

We have recognized that ''[t]he attorney's right to be paid is not based upon, or limited to, his lien''; instead it is based upon an express or implied contract, and ''[t]he lien is but security for [the attorney's] right.''[3] The purpose of NRS 18.015 is to secure attorney fees and to ''encourag[e] attorneys to take cases of those who could not otherwise afford to litigate.''[4]

However, Article 1, Section 14 of the Nevada Constitution provides that certain assets shall be exempt from execution for *any*

---

[1]Nev. Const. art. 1, § 14.

[2]NRS 18.015(3) (emphasis added).

[3]*Sarman v. Goldwater, Taber and Hill*, 80 Nev. 536, 540, 396 P.2d 847, 849 (1964).

[4]*Muije v. A North Las Vegas Cab Co.*, 106 Nev. 664, 667, 799 P.2d 559, 561 (1990).

debts or liabilities. Because an attorney's lien attaches to *any* verdict, judgment or decree, and exempt assets are exempt from *any* debt or liability, a statutory conflict arises.

Logar cites a handful of Nevada cases for the proposition that attorney's liens can attach to exempt property. Logar's reliance on these cases is misplaced, however, because these cases primarily deal with the district court's power to enforce alimony obligations by instituting contempt proceedings and whether alimony is a debt within the meaning of Article 1, Section 14 of the Nevada Constitution.[5] Logar's right to payment and his statutory attorney's lien arise out of an implied contractual relationship to perform legal services. Thus, unlike court-ordered alimony, we conclude that attorney fees and costs are debts within the meaning of Article 1, Section 14 of the Nevada Constitution. We conclude that, contrary to Logar's arguments, these cases do not resolve the issue.

Although this court has not previously decided this issue, we have determined that an attorney could not claim his client's workers' compensation award in violation of a workers' compensation statute. In a 1929 decision, *Dunseath v. Industrial Commission,*[6] this court held that an attorney's claim for fees was subject to the exemption contained in a former workers' compensation statute,[7] now codified as NRS 616C.205. The former workers' compensation statute provided that a workers' compensation award was to be paid only to the claimant.[8] In interpreting that former statute, this court concluded that it "clearly expresse[d] the intention of the legislature that the [workers' compensation] award shall be paid only to the claimant. A contract to the contrary is of no force and effect."[9] This court further concluded that "[the client] and [the attorney] were not prohibited by the section from contracting for the payment of an attorney fee to the latter, but from agreeing that it should be paid out of the [workers' compensation] award."[10]

---

[5]*See Ex Parte Phillips*, 43 Nev. 368, 373, 187 P. 311, 312 (1920) (holding that money ordered to be paid for alimony or child support is not a "debt" within the meaning of Article 1, Section 14 of the Nevada Constitution, because alimony does not arise out of a contract or business transaction, and that the husband can be subject to contempt proceedings and imprisoned for failing to pay these obligations); *see also Hildahl v. Hildahl*, 95 Nev. 657, 663, 601 P.2d 58, 62 (1979); *Lamb v. Lamb*, 83 Nev. 425, 428, 433 P.2d 265, 267 (1967).

[6]52 Nev. 104, 109-10, 282 P. 879, 879 (1929).

[7]*See* 1915 Nev. Stats., ch. 190, § 10, at 291.

[8]*Dunseath*, 52 Nev. at 109-10, 282 P. at 879.

[9]*Id.* at 110, 282 P. at 880.

[10]*Id.* at 111, 282 P. at 880. We note that in *Hardy & Hardy v. Wills*, 114 Nev. 585, 589, 958 P.2d 78, 80 (1998), this court held that exempt workers' compensation awards that are "payable" to the debtor lose exempt status when actually paid to the debtor under the former version of NRS 616C.205,

Similar to NRS 616C.205, NRS 21.090 provides no exception to its exemption for attorney's liens. Additionally, NRS 21.090 arises out of a constitutional mandate. We now adopt the approach used in *Northwestern National Bank of South St. Paul v. Kroll* and conclude that "the exemption statutes promulgated in response to a constitutional mandate are to be strictly construed and any apparently conflicting legislation must be subordinated to the clear intent of those statutes."[11] When NRS 21.090 substantively conflicts with NRS 18.015, NRS 21.090 must take precedence. We therefore conclude that attorney's liens cannot attach to exempt alimony or exempt retirement accounts awarded in a divorce decree, and we deny Logar's petition in Docket No. 46865.[12]

Our conclusion is not a novel one. A majority of jurisdictions that have addressed this issue have concluded that exempt property is exempt from the attachment of an attorney's lien.[13] Although the

---

because the statute had been amended and the word "paid" had been removed by the Legislature. However, *Hardy & Hardy* is not controlling because the Legislature amended the relevant statute again in 1999 and the word "paid" was reinserted, reiterating the Legislature's intent that workers' compensation awards were to be permanently exempt. Similar to the revised NRS 616C.205, the alimony exemption statute also uses the language "paid," not "payable."

[11]306 N.W.2d 104, 105 (Minn. 1981) (concluding that while allowing an attorney's lien to attach to exempt assets is a persuasive argument, because the exempt property might have been lost without the attorney's services, the exemption statutes take precedence because they arise out of a constitutional mandate).

[12]Although Logar cites a number of cases from other jurisdictions, we conclude that these cases are distinguishable for a number of reasons and are therefore not persuasive. *See Jasper v. Smith*, 540 N.W.2d 399, 403 (S.D. 1995) ("the legislature has seen fit to exempt certain property from the attachment process . . . but alimony is not one of them"); *Matter of Marriage of Wageman*, 968 P.2d 1114, 1116-17 (Kan. Ct. App. 1998) (distinguishing child support arrearages and future child support for the purposes of the exemption statute); *see also In re Marriage of Thompson*, 158 Cal. Rptr. 160, 162-63 (Ct. App. 1979).

[13]*See In re Danelson*, 142 B.R. 932, 940 n.5 (Bankr. D. Mont. 1992) ("it is doubtful the [attorney's] lien would attach against exempt spousal maintenance or child support payments" because "[p]ublic policy grounds would dictate against impressing the lien against such funds"); *In re Marriage of Comley*, 32 P.3d 1128, 1132 (Kan. 2001) (alimony payments made to the clerk of the court for the supported spouse are exempt from an attorney's lien); *Chapman v. Wells*, 557 N.W.2d 725, 731 (N.D. 1996) (an IRA is exempt from the attachment of an attorney's lien because despite the legislature's desire to furnish attorneys with security for their efforts, the IRA exemption is founded in a stronger legislative desire to ensure that debtors will have a reasonable means to support themselves and their dependents); *Long v. Collins*, 88 N.W. 571, 571 (S.D. 1901) (an attorney's lien cannot attach to a judgment obtained for the wrongful conversion of exempt property because the judgment award is also exempt).

district court correctly determined that Bero-Wachs's alimony award was not encompassed by the attorney's lien, the court did not determine whether any of the IRAs awarded to Bero-Wachs in the divorce are exempt from execution under NRS 21.090. We therefore necessarily remand Bero-Wachs's appeal in Docket No. 44488 to the district court so that it can make this determination.

*Inclusion of an accountant's fees in an attorney's lien*

The right to an attorney's lien is statutory.[14] The question of whether an attorney may include a forensic accountant's fees in his attorney's lien, when the client has an independent retainer agreement with the accountant, appears to be an issue of first impression in Nevada. The question before the court is one of statutory construction. In examining a statute, "this court first looks to the plain language of the statute,"[15] and " '[w]here the language of a statute is plain and unambiguous and its meaning clear and unmistakable, there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself.' "[16]

Generally, NRS 18.015 allows attorneys to attach a lien to the judgments or decrees of their clients when the attorney has rendered legal services in the client's cause of action. NRS 18.015(1) provides:

> An *attorney at law shall have a lien* upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or collection, or upon which a suit or other action has been instituted. *The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.*

(Emphases added.)

This language unambiguously dictates that an "attorney at law" shall have a lien on his client's cause of action. Additionally, the lien must represent a reasonable fee for the services "which the attorney has rendered" or for a fee which "has been agreed upon by the attorney and client." Thus, the plain language of the statute indicates that only an "attorney at law"—not a forensic accountant or other professional—may have an attorney's lien on his client's "claim, demand or cause of action."

---

[14]*See* NRS 18.015.

[15]*A.F. Constr. Co. v. Virgin River Casino*, 118 Nev. 699, 703, 56 P.3d 887, 890 (2002).

[16]*Madera v. SIIS*, 114 Nev. 253, 257, 956 P.2d 117, 120 (1998) (quoting *Erwin v. State of Nevada*, 111 Nev. 1535, 1538-39, 908 P.2d 1367, 1369 (1995)).

An attorney may include costs in his lien to the extent such costs were incurred in furtherance of the client's litigation.[17] Logar, citing this court's decision in *Molezzo Reporters v. Patt*,[18] contends that DeGeus's accounting fees were properly included in his attorney's lien as costs. In *Molezzo*, we determined that when an attorney directs that services be rendered on the client's behalf, the attorney is treated as a principal to the contract and is jointly and severally liable with the client for payment. The attorney may avoid being treated as a principal by expressly excluding himself from liability.[19]

According to Logar, if, under *Molezzo*, an attorney is jointly and severally liable for paying an accountant's fees, then those fees should be considered "costs" that are properly included in an attorney's lien.[20] We need not reach that issue, however, because in this case, *Molezzo* does not apply. As indicated by the retainer letter for DeGeus's services (signed by Bero-Wachs), along with DeGeus's direct billings to Bero-Wachs, it is clear that Bero-Wachs independently contracted with DeGeus to pay his fees. Under these circumstances, Logar is not considered a principal under the contract; his act of recommending DeGeus's services does not create joint and several liability under *Molezzo*. Instead, Bero-Wachs is the sole principal, and Logar is not liable for paying accounting fees rendered under the contract. Thus, as Logar bears no liability for fee payments, he cannot include these fees in an attorney's lien. The inclusion of DeGeus's fees in Logar's attorney's lien was thus improper, and the district court erred in upholding the lien to the extent that it included these fees.

## CONCLUSION

We conclude that an attorney's lien does not attach to awards in a divorce decree that are exempt from execution by creditors. Consequently, the district court properly determined that the attorney's lien did not attach to Bero-Wachs's alimony award. The district court, however, failed to determine which, if any, of the retirement accounts are exempt from execution under NRS 21.090.

We further conclude that when a client enters into an independent retainer agreement with a forensic accountant for accounting services in furtherance of the client's litigation, the attorney is not responsible for the accountant's fees under the principal theory enunciated in *Molezzo*, and the attorney cannot claim the forensic

---

[17]*See Edwards v. Andrews, Davis, Legg, Bixler, etc.*, 650 P.2d 857, 863 (Okla. 1982); *Eleazer v. Hardaway Concrete Co., Inc.*, 315 S.E.2d 174, 177-78 (S.C. Ct. App. 1984).

[18]94 Nev. 540, 579 P.2d 1243 (1978).

[19]*Id.* at 541-42, 579 P.2d at 1243-44.

[20]*See Edwards*, 650 P.2d at 863; *Eleazer*, 315 S.E.2d at 177-78.

accountant's unpaid fees as costs in his attorney's lien. Therefore, the district court erred in including DeGeus's accounting fees in Logar's attorney's lien.

Based upon these conclusions, we affirm the district court's order with regard to the exemption of Bero-Wachs's alimony award, we reverse the order to the extent that it includes DeGeus's accounting fees, and we remand for the district court to determine which, if any, of the retirement accounts are exempt from execution under NRS 21.090. Logar's writ petition is denied. As to the remaining issues raised by the parties, we conclude that they are without merit.[21]

MAUPIN, C. J., GIBBONS, HARDESTY, PARRAGUIRRE, CHERRY and SAITTA, JJ., concur.

---

[21]On appeal the parties dispute the reasonableness of Ronald J. Logar's attorney fees. We conclude that the district court did not abuse its discretion when it determined that Logar's fees were reasonable and that his portion of the attorney's lien was valid as to all non-exempt property awarded to his client in the divorce decree.