[S. F. No. 2720. In Bank. — July 3, 1901.]

In the Matter of the Estate of J. HUGHSTON, Deceased.

ESTATES OF DECEASED PERSONS — ORDER REFUSING TO REVOKE PROBATE OF WILL — APPEAL — AMENDMENT OF CODE NOT RETROACTIVE. — An order or judgment refusing to revoke the probate of a will was not appealable prior to the amendment of February 28, 1901, to subdivision 3 of section 963 of the Code of Civil Procedure, giving a right of appeal therefrom. That amendment was not retroactive, in the absence of an express declaration to that effect.

ID. — ORDER MADE PRIOR TO AMENDMENT — SUBSEQUENT ENTRY — DISMISSAL OF APPEALS. — An order or judgment refusing to revoke the probate of a will made prior to the amendment of February 28, 1901, relative to that subject, though not entered until after its passage, is not appealable thereunder, and appeals taken therefrom must be dismissed. [Beatty, C. J., dissenting.]

ID. — RIGHT OF APPEAL FROM ORDER — EFFECT OF ENTRY — ENTRY NOT PART OF PROBATE ORDER. — The right of appeal given by the amendment to the Code of Civil Procedure is from the judgment or order, and the amendment does not apply retroactively to any prior judgment or order. The entry of a judgment or order is only a ministerial act, which fixes the time and period for an appeal. The entry of a probate order, decree, or judgment is no part thereof, and has no relation to the question whether a new right of appeal given from such order, decree, or judgment is retroactive.

CXXXIII. Cal. — 21

MOTIONS in the Supreme Court to dismiss appeals from orders of the Superior Court of the City and County of San Francisco refusing to revoke the probate of a will. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Smith & Pringle, for Appellants.

W. H. Barrows, and Maguire & Gallagher, for Respondent.

GAROUTTE, J.— The appeals in this case are taken from orders or judgments refusing to revoke the probate of a will. A motion is now made by respondent to dismiss those appeals, upon the ground that such orders or judgments are not appealable.

Prior to 1901 the Code of Civil Procedure (sec. 963, subd. 3) did not authorize an appeal from an order or judgment refusing to revoke the probate of a will. That question was squarely met and decided in *Estate of Winslow*, 128 Cal. 311. While appellants now attack the legal soundness of that decision, this court is satisfied with the conclusion there declared, and will not disturb it.

The orders or judgments here appealed from were made during the latter days of January, 1901. Upon February 28, 1901, the aforesaid subdivision of section 963 of the Code of Civil Procedure was amended by giving an appeal from orders or judgments refusing to revoke the probate of a will, and it is upon the efficacy of this amendment to the statute that appellants largely rely for authority to take these appeals. In speaking as to probate orders, decrees, and judgments, section 1715 of the Code of Civil Procedure declares: "The appeal must be taken within sixty days after the order, decree, or judgment is entered." In the present case the orders or judgments appealed from were not entered until after February 28, 1901, and not being entered until after a right of appeal was given by the aforesaid amendment, it is claimed that an appeal exists in this case.

By subdivision 3 of section 963 of the Code of Civil Procedure, as amended, appeals are given from judgments and orders revoking or refusing to revoke the probate of a will. There is no intimation, even, that this amendment was intended to apply to judgments and orders already made. There is noth-

ing whatever to indicate that the legislature contemplated that this amendment should have a retroactive effect, even conceding the existence in that body of power to so declare. The general principle of law is unquestioned, that, in the absence of express direction, no legislative act will be construed as having retroactive effect. Indeed, the general principle as to the retroactive effect of legislative enactments is not disputed by appellants, but it is insisted that as the time for appeal only begins to run from the date of the entry of a judgment or order, and the judgments or orders in this case not having been entered until after the amendment went into effect, therefore the law is given no retroactive effect by holding that a right of appeal is granted in the present case. The court does not agree with this contention. It is the judgment or order that the statute says may be appealed from. The entry of that judgment or order only serves the purpose of fixing the time from which the appeal may be taken. And section 1715 of the Code of Civil Procedure, already quoted, only fixes the time when and the number of days in which a party may take his appeal. Certainly, as to probate orders, decrees, or judgments, their entry in the book prescribed by the statute is no part thereof. They are perfect and complete, and have full force and effect before they are entered. The right of appeal is given from the order or judgment, and may be exercised when the order or judgment is entered. It is the duty of the proper officer to make the entry, and he can be compelled to perform his duty. The judgment is the result of judicial action. The entry of the judgment is purely a ministerial matter. Appellants rely upon cases similar to *Melde* v. *Reynolds*, 120 Cal. 235. But it is there only decided that as the time for appeal begins to run from the entry of the judgment, therefore the statute in effect at the time the judgment is entered governs as to the time in which the appeal may be taken.

For the foregoing reasons the appeals are dismissed.

Van Dyke, J., Henshaw, J., McFarland, J., and Temple, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing, and filed the following opinion on the 2d of August, 1901:—

BEATTY, C. J., dissenting. — I dissent. A statute giving the right of appeal from a judgment or order which has not become final and irrevocable impairs no vested rights, and is not retroactive. From the opinion of this court in *Estate of Scott*, 124 Cal. 676, I quote the following statement of the law as to the finality of judgments: "The action of the superior court does not become definite and certain until it is entered at length in its records. Prior to that time it is in the breast of the judge, and until it shall be so entered, his decision may be changed, from time to time, according to his views. It is only when his decision has become the judgment of the court, and thus passed beyond his recall, that the appellate jurisdiction of this court may be invoked."

In this case, when the orders appealed from were entered — when they first became final and irrevocable — there was a statute in force giving the right of appeal, and I can see no reason why these appellant should be deprived of its benefits.