# MACK v. DISTRICT COURT

No. 2761

August 5, 1927.                              258 P. 289.

1. CERTIORARI—STRANGER TO RECORD.
   Writ of certiorari will not be granted to a stranger to the record, if the matter to be reviewed is a judgment or order of the court made or entered in a case litigated inter partes.

2. RECEIVERS—MORTGAGEE SHOULD INTERVENE.
   Mortgagee desiring foreclosure of property which has been placed in the hands of a receiver by the court at the suit of some one other than the mortgagee should intervene and ask for foreclosure in the court appointing the receiver, and certiorari proceeding is not proper remedy.

3. CERTIORARI—ADEQUATE REMEDY.
   Where the petitioner in certiorari proceeding has adequate remedy by intervention in receivership proceedings with the right of appeal secured, the writ will not issue.

4. CERTIORARI—REVIEW OF STATUTES.
   In certiorari proceeding to review an order appointing a receiver and enjoining creditors from suing the receiver except by petition in the receivership cause, the constitutionality of . general corporation law, sec. 94, as amended by Stats. 1923, c. 22, sec. 1, authorizing court to appoint a receiver and to enjoin the corporation from doing business, held not reviewable.

5. CERTIORARI—JURISDICTION.
   Where it is not shown by petitioners on certiorari that the alleged want of jurisdiction or excess of jurisdiction was raised in the receivership proceeding in the lower court, the decree and orders will not be reviewed.

6. CERTIORARI—DISCRETION.
   Errors or abuse of discretion in the lower court will not be considered on certiorari where it does not appear that the court exceeded its jurisdiction.

7. CERTIORARI—REQUISITES.
   Under Rev. Laws, 5684, the three concurring requisites essential to the issuance of the writ of "certiorari" are an excess of jurisdiction by the inferior tribunal, board, or officer, the absence of an appeal, and the nonexistence of another plain, speedy, and adequate remedy.

8. CERTIORARI—JURISDICTION.
   On certiorari to review order in receivership proceeding, where the lower court had jurisdiction to make the order complained of, the writ will not issue and it is immaterial whether the order was appealable or not.

## C. J.–CYC. REFERENCES

CERTIORARI—11 C. J. sec. 30, p. 103, n. 15; sec. 53, p. 111, n. 52; sec. 57, p. 113, n. 78; sec. 97, p. 134, n. 98; p. 135, n. 1; sec. 343, p. 193, n. 52; sec. 346, p. 195, n. 73; sec. 351, p. 198, n. 18; sec. 354, p. 199, n. 23.

RECEIVERS—34 Cyc. p. 226, n. 30, 34; p. 421, n. 30.

PETITION for certiorari by Mary J. Mack and another against the District Court of the Second Judicial District of the State of Nevada, in and for the county of Washoe, Department No. 2, to review an order appointing Carl S. Wheeler receiver of D. C. Wheeler, Inc., in the suit of D. M. Wheeler against D. C. Wheeler, Inc., and to review an order denying petitioners' motion for permission to maintain a separate action against Carl S. Wheeler as receiver. Alternative writ issued, and defendant moves to quash. **Case remitted to respondent court.**

*Green & Lunsford,* for Petitioners:

Stats. 1923, 20, was only authority for appointment of receiver. Sole ground alleged was that assets were in danger of waste. This is conclusion. Averments that by reason of facts certain results followed, are conclusions. Facts showing casual connection should be alleged. 31 Cyc. 49, 60, 64 R. C. L. 440. Complaint praying for receiver which alleges no facts is not sufficient. 34 Cyc. 111, 112; Baker v. Baker, 70 Atl. 421. Receiver cannot be appointed for corporation where only effect would be to hinder collection of valid claim. 37 Atl. 201.

Court abused discretion, if any existed, by denying petitioners leave to make receiver party to foreclosure. If receiver was only party defendant, it would have been proper to grant leave to foreclose, mortgagees being preferred creditors and having lien unaffected by receivership, and because Carl S. and Sarah Wheeler and Senseney were endorsers on note and proper parties. As note was secured by mortgage, suit against endorsers would result in fatal misjoinder, and suit against receiver could not be maintained without leave. Obligation will be barred by statute and security lost if court refuses to permit suit against endorsers. State ex rel. Nenzel v. Court, 49 Nev. 145, decided that lower court had no jurisdiction to appoint receiver to take from sheriff property of corporation held under attachment by creditor. What is difference between lien by voluntary mortgage, and attachment or judgment or execution?

Irving N. Bank v. Court, 47 Nev. 95; Alderson on Receivers, 716.

Leave to sue is usually granted of course, unless there is no foundation for claim. 23 R. C. L. 125.

Receiver takes subject to lien and it must be enforced. Court may permit suit on lien though property is in hands of receiver. 34 Cyc. 226.

Endorsers on note cannot be joined. In Re Therien, Bankrupt, Fed. Case No. 266 (Nev.).

Order appointing receiver is appealable, whether final or not. Civ. Pr. Act, sec. 387. But that question is not involved. Corporation is not insolvent. Whole purpose is delay. Appointment of receiver never terminates cause. Barber v. International Co., 51 Atl. 857. It is interlocutory decree. Brachtdendorf v. Kehm, 72 Ill. App. 228.

Lack of remedy by appeal is as essential to release by prohibition as to review by certiorari. Rev. Laws, 5709.

Order denying leave to sue is not final judgment and is not appealable, not having determined any rights. New York, etc. Co. v. Ill. T. R. Co., 104 Fed. 710; Bellman v. Poe, 88 Atl. 131.

Order placing assets in custodia legis was interlocutory, not final. Not being final judgment, order was not made after final judgment.

*Price & Hawkins,* for Respondent:

Petitioners, having recognized stockholders' suit, that receiver had been appointed, and that receivership proceedings were had, submitted themselves and their claim of right to sue receiver, and recognized jurisdiction of court to hear motion for leave to sue receiver by entering appearance, etc. They believed court had jurisdiction until their claim was denied.

Certiorari does not lie. Rev. Laws, 5684, says when it shall issue. It shall not extend to determining whether tribunal acted regularly. Rev. Laws, 5690; Kapp v. Court, 31 Nev. 444; State v. Court, 46 Nev. 133.

Order of December 2, 1926, denying petitioners leave to sue receiver was final. They were aggrieved and had

right to appeal. Tardy's Smith on Receivers, 2148–2149. They claim they were aggrieved; they had to so claim or could not be heard. Odell v. H. Batterman Co., 223 Fed. 292, cited with approval in Stokes v. Williams, 226 Fed. 148; American B. S. & F. Co. v. N. Y. Rys. Co., 282 Fed. 523.

One party to record whose rights are injuriously affected may make himself party by motion to set aside judgment; if that is denied, he may appeal. Order complained of being one appointing receiver and granting injunction, was appealable. In Re Elliott, 77 P. 1109.

If order appointing receiver was void it binds no one; if valid, petitioners may not question it. They may attack it directly in district court, or by motion to vacate, or by ignoring it until some attempt is made to enforce it.

## OPINION

By the Court, SANDERS, C. J.:

This is a motion to quash an alternative writ of certiorari, issued out of this court upon the petition of Mary J. Mack and George S. Green, first, to review an order appointing Carl S. Wheeler receiver of all the property and assets of D. C. Wheeler, Inc., a corporation, at the suit of D. M. Wheeler v. D. C. Wheeler, Inc., and others. Second, to review an order denying and overruling petitioners' motion for leave to institute, prosecute, and maintain a separate action against Carl S. Wheeler as receiver for the foreclosure of petitioners' chattel mortgage upon certain property in his hands as receiver of said corporation.

It is contended on the part of the petitioners that the court exceeded its jurisdiction in the appointment of said receiver in two particulars: (1) That the complaint in said action does not state facts sufficient to constitute a cause of action for the appointment of a receiver; (2) that the statute from which the court derived its authority to appoint a receiver, if applicable to the purported

cause of action stated in the complaint of D. M. Wheeler, v. D. C. Wheeler, Inc., et al., is violative of the fourteenth amendment to the Constitution of the United States.

1. It is contended in the first place that the petitioners were not parties to the receivership proceeding, had no notice or knowledge thereof, and, not being in a position to appeal from the order of appointment of the receiver, the writ should issue to review the question of the jurisdiction of the court to appoint a receiver. It is a well-established rule that the writ will not be granted to a stranger to the record if the matter to be reviewed is a judgment or order of the court made or entered in a case litigated inter partes. 4 Cal. Juris. (Certiorari), sec. 51; 5 R. C. L. 255.

2, 3. It is insisted that, the petitioners being owners and holders of a valid and subsisting chattel mortgage on personal property in the hands of the receiver, perishable in its nature and subject to waste and depreciation, the court exceeded its jurisdiction in refusing petitioners leave to sue the receiver for the foreclosure of their mortgage. It is held that where mortgaged property is placed in the hands of a receiver by the court at the suit and at the instance of some one other than the mortgagee, if the mortgagee wants foreclosure, his procedure is to intervene and ask for foreclosure in the court appointing the receiver. 1 Clark on Receivers, sec. 720. In the case of Irving National Bank v. District Court, 47 Nev. 86, 217 P. 962, it is held that the writ of prohibition should not issue where the petitioner has an adequate remedy by intervention, with right to appeal secured; and we see no reason why the rule should not be extended to the writ of certiorari, where the petitioner has an adequate remedy by intervention, with right of appeal secured.

4. It appears that the court's order appointing Carl S. Wheeler, a director of D. C. Wheeler, Inc., as its receiver, contains a blanket injunction against the corporation from exercising any of its powers or from doing any business except by and through the receiver. Said order also enjoins and restrains all creditors of the

corporation and all persons from suing the receiver except by petition in the receivership cause and with leave of court. The power of the court to appoint the receiver and to enjoin the corporation from exercising any of its powers except through its receiver was derived from section 94 of the general corporation law (Stats. 1903, p. 155), as amended by section 1 of chapter 22 of the Statutes of 1923, p. 20. It is contended that the court exceeded its jurisdiction in enjoining and restraining creditors of the corporation from suing the receiver. The statute as amended provides, inter alia, as follows:

"Whenever a corporation has willfully violated its charter, * * * or its assets are in danger of waste through attachment, litigation or otherwise, * * * any holder or holders of one-tenth of the issued and outstanding capital stock may apply to the district court, * * * for an order dissolving the corporation and appointing a receiver to wind up its affairs. * * * "

It is argued that if this statute authorizes the appointment of a receiver of a corporation merely for the purpose of preventing creditors from exercising the remedies to which they are entitled under the law for collection of debts, while a similar privilege or immunity is denied to individuals, the law in so far as it authorizes the appointment of a receiver in such cases is unconstitutional and void, because of its being in contravention of the fourteenth amendment to the Constitution of the United States. We decline to follow the argument of counsel in support of this proposition, for the reason that where the question of the constitutionality of a statute is not jurisdictional, it will not be reviewed on certiorari. State v. Osburn, 24 Nev. 187, 51 P. 837; McConnell State Board of Equalization, 11 Idaho, 652, 83 P. 494; 11 Corpus Juris, 198.

5. We are also averse to reviewing the decree and orders in the receivership proceeding on this writ, for the reason that there is nothing in the papers before us to show that these questions now urged were called to the attention of the lower court. It is held that where

alleged want of jurisdiction or excess of jurisdiction was not called to the attention of the court making the order, certiorari will not lie to annul such order or proceeding. Sammis v. Marks (Utah), 252 P. 270.

6. It is contended that the court exceeded its jurisdiction in denying petitioners' motion to sue its receiver. The judge in denying the motion may have erred, and may have abused his discretion, but there is nothing in the record to show that he exceeded his jurisdiction or that he departed from any express provision of the law in denying the motion. Therefore, under the well-settled rule, its order is not reviewable on certiorari. In Re Wixom, 12 Nev. 219; Phillips v. Welch, 12 Nev. 158; Poupart v. District Court, 34 Nev. 336, 123 P. 769.

7. It is argued that the order denying petitioners leave to sue the receiver is not an appealable order, and, petitioners having no plain, speedy, and adequate remedy, the writ should issue. Under our statute (section 5684, Rev. Laws), three concurring requisites are essential to the issuance of the writ of certiorari: (1) An excess of jurisdiction by the inferior tribunal, board, or officer exercising judicial functions; (2) the absence of an appeal; and (3) where, in the judgment of the court, there is no plain, speedy, and adequate remedy. Under like provisions contained in the code of civil procedure of California it is held that if any one of the essentials mentioned is missing the writ will not lie. Noble v. Superior Court, 109 Cal. 523, 42 P. 155; Postal Telegraph Cable Co. v. Superior Court, 22 Cal. App. 770, 136 P. 538.

8. We are of opinion that the first concurring requisite to the issuance of the writ in this case is missing, and therefore it is immaterial whether the order denying petitioners leave to sue the receiver is an appealable order or not.

The alternative writ was improvidently issued, and the case should be remitted to the respondent court.

Such is the order.