[Civ. No. 13030.   Second Dist., Div. One.—April 21, 1941.]

MONTEREY CLUB et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Samuel L. Rummel and Arthur Mohr for Petitioners.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel; John F. Dockweiler, District Attorney, and Thomas F. O'Brien, Deputy District Attorney, for Respondents.

Earl Warren, Attorney-General, Everett W. Mattoon, Assistant Attorney-General, and Warren Olney, Deputy Attorney-General, as *Amicus Curiae*, on behalf of Respondents.

DORAN, J.—Petitioners have applied to this court for a writ of review to annul an order of the Superior Court of Los Angeles County granting a preliminary injunction against petitioners restraining and enjoining them from maintaining, operating and conducting certain gambling games, notably draw poker and a game similar thereto, "low ball",

at an establishment allegedly run by petitioners as a private club.

The action in which the injunction was granted was instituted by the district attorney of Los Angeles County in the name of the People of the State of California, whereby it was sought to permanently enjoin petitioners from maintaining, operating and conducting the said games at their club. The club in question is maintained in the city of Gardena and is alleged by petitioners to be open only to members and their guests. The playing of draw poker, "low ball", bridge and rummy by the members of the club and their guests is admitted. In lieu of a transcript of the record and proceedings in the court below the parties have stipulated that the record and proceedings as set forth in the petition for the writ herein may be deemed to be a full, true and complete transcript of the record in the action below, entitled *The People of the State of California* v. *E. J. Primm et al.*, Superior Court No. 460979. It is further stipulated that on February 17, 1941, the trial court orally stated in open court, in the presence of certain of the defendants, that the preliminary injunction against the defendants was granted to the extent of the relief requested by the prayer of plaintiff's complaint, but that the said preliminary injunction was never actually signed by the court or filed with the clerk of the said court.

Petitioners contend that the court exceeded its jurisdiction in granting the preliminary injunction in question. Respondents contend, among other things, that the writ of *certiorari* will not lie in the instant case because the order of the court here questioned is one from which an appeal may be taken. In this respect, respondents' contention appears to be well taken.

There can be no question as to the right of appeal from an order granting an injunction, either preliminary or permanent. (Section 963 (2) of the Code of Civil Procedure; *Stoddard* v. *Superior Court*, 108 Cal. 303 [41 Pac. 278]; *Laam* v. *McLaren*, 28 Cal. App. 632 [153 Pac. 985].) Petitioners contend that the instant order is not appealable for the reason that it was never entered in the minutes of the court. But in so contending petitioners confuse the right of appeal with the time within which such right should be exercised. "It is the judgment or order that the statute says may be appealed from. The entry of that judgment or order

only serves the purpose of fixing the time from which the appeal may be taken." (*Estate of Hughston,* 133 Cal. 321, 323 [65 Pac. 742, 1039].) Moreover, in the absence of evidence to the contrary, it will be presumed that an official act has been performed (Code Civ. Proc., sec. 1963 (15)), and it does not appear from the record here presented that no minute entry of the order was made. The fact that the preliminary injunction was never signed or filed is immaterial, since the proceeding here is concerned only with the order granting the injunction and not the formulation of the injunction itself. Upon this proceeding in *certiorari* the court need not concern itself with the question of whether an injunction orally granted is valid without later being reduced to writing and signed by the judge, since the only question here involved is the authority of the trial court to act at all in the matter. Furthermore, petitioners' contention that a party against whom an injunction order exists is not required to compel the court to sign it and the clerk to enter it by *mandamus,* has no bearing upon the appealable nature of the order. The right of appeal exists regardless of failure or defects of ministerial duty; and if entry of the order were necessary to an appeal, either party to the action could compel the entry to be made in order to exercise his rights.

■ Section 1068 of the Code of Civil Procedure provides that a writ of review may be granted when jurisdiction has been exceeded "and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy". This section does not contravene the provision of the state Constitution (art. VI, sec. 4b) which gives the District Courts of Appeal jurisdiction over *certiorari* proceedings. The constitutional provision merely confers jurisdiction; it does not prescribe the manner in which that jurisdiction shall be exercised.

■ Petitioners' contention that *certiorari* will lie unless an appeal will afford a plain, speedy and adequate remedy is not supported by the authorities. The conditions on which such a writ may be granted, as set forth in section 1068, *supra,* have been held to be separate and concurrent, namely: 1. An excess of jurisdiction by an inferior tribunal; 2. No appeal; and 3. No other plain, speedy, and adequate remedy. If any one of these essentials be missing the writ will not lie. (*Postal etc. Co.* v. *Superior Court,* 22 Cal. App. 770, 772 [136

Pac. 538], citing *Noble* v. *Superior Court,* 109 Cal. 523 [42 Pac. 155].) The fact that the appeal does not afford a plain, speedy and adequate remedy makes no difference since the provisions of the statute are explicit and govern. (*Stoddard* v. *Superior Court,* 108 Cal. 303 [41 Pac. 278].) Nor does the fact that the order was made in excess of jurisdiction afford any right to proceed in *certiorari* if a right of appeal exists. (*Anglo-Californian Bank* v. *Superior Court,* 153 Cal. 753, 755 [96 Pac. 803].) Moreover, the right of appeal has been held to afford *ipso facto* a plain, speedy and adequate remedy. (*Manoogian* v. *Superior Court,* 48 Cal. App. 609, 613 [192 Pac. 168].) Petitioners claim that the case last cited infers that the appeal must afford a plain, speedy and adequate remedy, but a reading of the opinion therein reveals it to mean that an appeal is of necessity such a remedy.

Petitioners rely strongly upon *Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 Pac. 635], as supporting their contention. In that case, however, the time for appeal had long since passed, and the court there stated that it was obvious from the state of the record that the petitioner neither had nor was in any condition to receive notice of the making of the order or of the defects in the same during the statutory time when such appeal might have been taken. The case must therefore be classed as one in which there was no right of appeal extant and hence is inapplicable to the instant situation. The Grinbaum case does not hold, as contended by petitioners, that where it appears that an appeal does not provide a plain, speedy and adequate remedy the writ may issue even though such right of appeal exists. *Fortenbury* v. *Superior Court,* 16 Cal. (2d) 405 [106 Pac. (2d) 411], is also inapplicable. There the proceeding was to review a judgment of contempt for violating a temporary restraining order. It is settled that there is no appeal from a judgment of contempt. (*Gale* v. *Tuolumne County Water Co. et al.,* 169 Cal. 46 [145 Pac. 532].)

An examination of the authorities upon the question here presented shows the law upon the subject to be well settled.

It should be noted that, while writs of mandate are governed by the provisions of section 1086 of the Code of Civil Procedure and must issue, as therein provided, in all cases where there is not a plain, speedy and adequate remedy, in the ordinary course of law, and writs of prohibition are gov-

erned by the provisions of section 1103 of that code and, as there provided, may issue in like situations, the issuance of writs of *certiorari* is governed by the provisions of section 1068, which specifically authorizes such writs to be issued only in cases where there is no appeal. It may thus be seen that the specific conditions for the issuance of a writ of review differ from those provided for writs of mandate and prohibition; and authority for the issuance of the latter writs is not generally applicable to the issuance of the former.

As it appears that an appeal would lie from the order granting the injunction, the writ heretofore granted must be discharged.

It is so ordered.

York, P. J., and White, J., concurred.