[Civ. No. 5263. Fourth Dist. Jan. 27, 1956.]

PEARL GOBLE et al., Appellants, v. THE MUNICIPAL COURT OF SAN BERNARDINO JUDICIAL DIS-TRICT, Respondent; FRED CANNON, Intervener and Respondent.

C. E. Crowley for Appellants.

No appearance for Respondent.

Davidson, Bartlett & Walk and George W. Vinnedge for Intervener and Respondent.

BARNARD, P. J.—The respondent, Fred Cannon, sued the appellants in the Municipal Court of San Bernardino for compensation for personal services claimed to have been rendered pursuant to an oral agreement. After a trial judgment was entered in favor of Cannon for $1,188. No findings of fact were made, although the appellants had requested them. Their motion for a new trial having been denied. these appellants appealed from that judgment to the Appellate Department of the Superior Court of San Bernardino County. On that appeal the judgment was reversed with directions to the trial court to proceed to make and file findings of fact and conclusions of law. (127 Cal.App.2d Supp. 833 [273 P.2d 44].)

The trial court then vacated its judgment and, after a hearing in connection with findings proposed by both parties. the court accepted and filed findings of fact and conclusions of law as proposed by Cannon. A judgment was then entered in favor of Cannon for $1,188. These appellants then moved for a new trial, which was denied, and they then filed

a notice of appeal to the appellate department of the superior court. On motion of Cannon this appeal was dismissed on the ground that it was filed six days after the permissible time for an appeal had expired. (*Cannon* v. *Goble,* 132 Cal.App. 2d Supp. 916 [283 P.2d 390].)

The appellants then filed a petition for a writ of certiorari in the superior court alleging that the municipal court had failed to properly decide the case in accordance with certain evidence, and that the judge of the municipal court had acted arbitrarily and in excess of his jurisdiction, and had made and entered a judgment in violation of the legal and equitable rights of the petitioners. It was further alleged ''That through inadvertence, mistake and oversight, these petitioners failed to take an appeal in time from the second judgment rendered against them in said case.''

A writ was issued in accordance with an ex parte order and the respondent court made its return. Thereafter, the respondent Cannon filed notice of a motion to vacate the writ issued and to dismiss the proceeding, on the ground that these appellants had had a right of appeal and that a writ of certiorari would not lie. After hearing and argument an order was made vacating the writ of certiorari and dismissing the proceeding. This appeal was taken from that order.

Section 1068 of the Code of Civil Procedure provides that a writ of review may be granted when an inferior court has exceeded its jurisdiction, and there is no right of appeal. The general rule is well established that certiorari will not lie where a right of appeal exists. (*Ivory* v. *Superior Court,* 12 Cal.2d 455 [85 P.2d 894] ; *Stoner* v. *Superior Court,* 67 Cal.App.2d 760 [155 P.2d 697].) It does not follow, as appellant argues, that where a right of appeal is lost by neglect a writ of certiorari is available. It was not so held in *Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627] and *Grinbaum* v. *Superior Court,* 192 Cal. 528 [221 P. 635]. The Havemeyer case involved a writ of prohibition and entirely different circumstances. In the Grinbaum case it appeared that there had been, in fact, no right of appeal. (See *Monterey Club* v. *Superior Court,* 44 Cal.App.2d 351 [112 P.2d 321].) Under the authorities, it must be held that certiorari will not lie where a right of appeal existed but has been lost by neglect. In *State Board of Equalization* v. *Superior Court,* 9 Cal.2d 252 [70 P.2d 482], the court said: ''. . . it is the general rule that *certiorari* will not lie to review an appeal-

able order or judgment either before or after the expiration of the time limited by law for appealing therefrom. . . . The mere fact that the order or judgment is appealable is determinative.''

The matters which the appellants claim were not properly considered or given the weight to which they were entitled all involve questions of fact, and are all matters which were reviewable on an appeal from the second judgment entered in the municipal court. There is no showing here of any lack of jurisdiction, or of any act done in excess of jurisdiction, on the part of the trial court, and the facts presented in the superior court were not such as would have justified the issuance of the final writ sought. Under the circumstances here appearing, the remedy of certiorari was not available to these appellants (*Redlands etc. Sch. Dist.* v. *Superior Court*, 20 Cal.2d 348 [125 P.2d 490]; *Portnoy* v. *Superior Court*, 20 Cal.2d 375 [125 P.2d 487]). To have granted a writ under these circumstances would have had the effect of providing the appellants with an alternative or duplicate method of review which is entirely unauthorized either by statute or by established law.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.