THE COUNTY OF WASHOE, THE BOARD OF COMMISSIONERS OF THE COUNTY OF WASHOE, STATE OF NEVADA, AND BENJAMIN F. WINN, J. C. McKENZIE, AND RAYMOND A. PETERSON, CONSTITUTING THE MEMBERS OF SAID BOARD, APPELLANTS, v. CITY OF RENO, NEVADA, A MUNICIPAL CORPORATION, AND CITY OF SPARKS, NEVADA, A MUNICIPAL CORPORATION, RESPONDENTS.

No. 4340

March 24, 1961

360 P.2d 602

*Roger D. Foley,* Attorney General, and *William J. Raggio,* District Attorney, Washoe County, for Appellants.

*Roy Lee Torvinen,* City Attorney, of Reno, for Respondent City of Reno.

*James R. Brooke,* City Attorney, of Sparks, for Respondent City of Sparks.

## OPINION

By the Court, MCNAMEE, J.:

Respondent City of Sparks on April 13, 1959 and respondent City of Reno on April 27, 1959, both through their respective city councils, requested the board of

county commissioners of appellant Washoe County to apportion the general road fund as provided by subsection 2 of NRS 403.450.

Said statute provides:

"1.  To provide funds for paying the expenses of road work, the several boards of county commissioners shall, from time to time upon the request of the city council, apportion to each incorporated city within the respective counties such proportion of the general road fund of the county as the value of the whole property within the corporate limits of such city or cities, as shown by the last assessment roll, shall bear to the whole property in the county, inclusive of property within the incorporated cities.

"2.  The apportionment of moneys to cities as provided in subsection 1 shall not exceed an amount greater than 10 percent of the total amount levied and collected for general road purposes within the county, exclusive of funds for the payment of the principal and interest of bonds for road and street purposes.

"3.  All such moneys so apportioned shall be expended upon the streets, alleys and public highways of such city or cities under the direction and control of the city council."

Upon the refusal of said board of county commissioners to apportion the general road fund as requested, each city petitioned the lower court for a writ of mandamus to compel such apportionment.

Appeal is from the order granting the writs.

Appellants specify two errors:

Their first contention is that mandamus is not the proper remedy, because respondents have a plain, speedy, and adequate remedy at law.

It is apparent from NRS 403.450 that upon compliance by a city with the provisions thereof it becomes the duty of the county commissioners to make the apportionment of funds as in said statute provided, and upon

its failure to do so an action at law would lie.[1] Oregon City v. Clackamas County, 118 Or. 546, 247 P. 772.

We held in State ex rel. Brown v. Nevada Industrial Commission, 40 Nev. 220, 161 P. 516, that mandamus is not the proper remedy if there is a plain, speedy, and adequate remedy at law, and NRS 34.170 so provides. Respondents contend, however, that even though a legal remedy here exists, it is not as "plain, speedy, and adequate" a remedy as is provided by mandamus, and that an action for money damages "would not be equally as convenient, complete, beneficial, and effective" as a writ of mandamus. To support this view they refer to the decision of the trial court wherein the following appears:

"While it is possibly true that an action at law would lie for the amount claimed by the two Cities, it is difficult for me to comprehend that such a procedure comes under the category of 'plain, speedy and adequate' in that a complaint, summons, trial, judgment, execution and sale would have to be brought before any relief could be obtained under respondents' contention, something which is not 'equally convenient, beneficial and effectual.'"

Inasmuch as an action at law would lie to compel the performance of the duty imposed by the statute a "plain" remedy other than mandamus is available to respondents. We need consider, therefore, only whether said remedy is also "speedy" and "adequate."

A judgment in an action at law that the respondents apportion the funds could as easily be obtained as a judgment of mandate ordering them to partition the funds. In either case the procedure for relief would require a complaint or petition, summons or notice,

---

[1]In the present case the exact amount the cities are entitled to has been ascertained and agreed upon by all parties.

trial or hearing, and judgment or order. However, the fact that mandamus would give an easier or more expeditious remedy is not the criterion. Mandamus lies only where there is no other remedy, both legal and specific. Steves v. Robie, 139 Me. 359, 31 A.2d 797. A remedy does not fail to be speedy and adequate, because, by pursuing it through the ordinary course of law, more time probably would be consumed than in a mandamus proceeding.[2] Hubbard v. Justice's Court, 5 Cal.App. 90, 89 P. 865. We therefore conclude that the legal remedy was both speedy and adequate, and we disapprove of the reasoning of the lower court as so expressed in its decision. If that view were accepted, mandamus could issue in any case where the cause of action arises out of a mandatory statute, and an action at law is available.

During oral argument, counsel for respondents suggested that an action at law would not be adequate because it could not be enforced by a writ of execution against a county fund. Whether this be true or not, it is hardly to be supposed that an execution would be necessary in the event a judgment at law were obtained against the county in this type of case any more than a contempt proceeding would be required in the event a peremptory writ of mandamus were issued. In answer to this suggestion, however, it is necessary to say only that our concern is with the existence of a remedy and not whether it will be unproductive in this particular case, Hughes v. Newcastle Mutual Insurance Co., 13 U.C.Q.B. (Ont.) 153, or inconvenient, Gulf Research & Development Co. v. Harrison, 9 Cir., 185 F.2d 457, or ineffectual, United States ex rel. Crawford v. Addison, 22 How. 174, 63 U.S. 174, 16 L.Ed. 304.

In Stewart v. Manget, 132 Fla. 498, 181 So. 370, in

[2]It appears from the record in the present case that the respondent cities were a year late in making their requests for the apportionment, and that although their requests were considered and not granted by the appellant board on May 5, 1959, these proceedings in mandamus were not commenced in the lower court by the City of Reno until December 1, 1959 and by the City of Sparks until January 11, 1960.

affirming an order dismissing a bill in equity on the ground that the plaintiff had an adequate remedy at law, the Florida Supreme Court cited with approval the following language from Tampa & G.C.R. Co. v. Mulhern, 73 Fla. 146, 74 So. 297, 299:

"The inadequacy of a remedy at law to produce money is not the test of the applicability of the rule. All remedies, whether at law or in equity, frequently fail to do that; and to make that the test of equity jurisdiction would be substituting the result of a proceeding for the proceeding which is invoked to produce the result. The true test is, could a judgment be obtained in a proceeding at law, and not, would the judgment procure pecuniary compensation."

This statement is true with respect not only to suits in equity, but also to mandamus proceedings.

If a judgment based on a claim for money should be obtained against the county, and the county commissioners then should refuse to pay such final judgment, mandamus then would be an appropriate remedy. State ex rel. Brown v. Nevada Industrial Commission, supra. But as heretofore stated we are concerned only with the existence of a remedy at law and not with the enforcement thereof after judgment.

Disposition of the appeal by sustaining appellants' first claim of error eliminates consideration of other matters.

Reversed.

BADT, C. J., and PIKE, J., concur.