THE STATE OF NEVADA Upon The Relation of
JACK SCHUMACHER, Petitioner, *v.* THE FIRST
JUDICIAL DISTRICT COURT OF THE STATE
OF NEVADA and the HONORABLE RICHARD
L. WATERS, JR., Judge Thereof, and THOMAS
FURLONG, Respondents.

No. 4464

October 23, 1961                    365 P.2d 646

*Springmeyer, Thompson & Dixon,* of Reno, for Petitioner.

*John Tom Ross,* District Attorney, Ormsby County, for Respondents.

# OPINION

By the Court, McNamee, J.:

An action was filed in the respondent court pursuant to NRS 283.440 for the removal of petitioner from the office of county assessor of Ormsby County. After a hearing, respondent court entered a judgment ordering petitioner's removal from said office. Petitioner thereupon filed herein original proceedings in certiorari which, after relating the foregoing facts, alleged among other things that the amended complaint upon which the removal proceedings are based is insufficient because it states no legal cause for removal of petitioner; that the judgment of the district court removing petitioner from office was arbitrary, capricious, unreasonable, and in excess of jurisdiction and authority in that there was no evidence of malfeasance or nonfeasance; and that there was no evidence that petitioner intentionally refused or neglected to perform any official duty prescribed by law. The petition further alleges that the court reached an erroneous conclusion from the evidence and erroneously refused to admit relevant evidence.

Pursuant to said petition, this court caused to be issued a writ of certiorari directing respondents to certify and return herein a full, true, and correct transcript of the record and proceedings in said action for review by this court. We are now concerned with a motion to quash and set aside the said writ of certiorari.

NRS 34.020 provides that certiorari shall be granted by this court when an inferior tribunal "has [1] exceeded the jurisdiction of such tribunal * * * and [2] there is no appeal, nor, [3] in the judgment of the court, any plain, speedy and adequate remedy."

In the case of Mack v. District Court, 50 Nev. 318,

258 P. 289, 290, under an identical statute this court held:

"Under our statute (section 5684, Rev. Laws), three concurring requisites are essential to the issuance of the writ of certiorari: (1) An excess of jurisdiction by the inferior tribunal, board, or officer exercising judicial functions; (2) the absence of an appeal; and (3) where, in the judgment of the court, there is no plain, speedy, and adequate remedy. Under like provisions contained in the code of civil procedure of California it is held that if any one of the essentials mentioned is missing the writ will not lie. Noble v. Superior Court, 109 Cal. 523, 42 P. 155; Postal Telegraph Cable Co. v. Superior Court, 22 Cal.App. 770, 136 P. 538."

Likewise in Monterey Club v. Superior Court, 44 Cal. App.2d 351, 112 P.2d 321, the California court held under the statute from which said section 5684, Rev. Laws, was taken that if any one of these essentials be missing the writ will not lie; and the fact that an appeal does not afford a plain, speedy, and adequate remedy makes no difference since the provisions of the statute are explicit and govern; nor does the fact that the order was made in excess of jurisdiction afford any right to proceed in certiorari if a right of appeal exists.

Inasmuch as subsection 4 of NRS 283.440 contemplates an appeal[1] the Mack case is controlling and we do not need to consider the question of whether the court acted without jurisdiction or whether there is a plain, speedy, and adequate remedy.[2]

The case of State ex rel. Richardson v. Board of Regents, 70 Nev. 144, 261 P.2d 515; 70 Nev. 347, 269 P.2d 265, cited by petitioner, has no application. There, it was necessary for this court to determine from the evidence whether legal cause for removal was shown so as to give the Board jurisdiction to order removal inasmuch as no remedy by appeal existed.

[1]The record herein contains petitioner's notice of appeal from said judgment of removal.

[2]The right of appeal has been held to afford ipso facto a plain, speedy, and adequate remedy. Manoogian v. Superior Court, 48 Cal. App. 609, 192 P. 168; Monterey Club v. Superior Court, supra. See County of Washoe v. City of Reno, 77 Nev. 152, 360 P.2d 602.

Other cases of this court, e.g., Buckingham v. District Court, 60 Nev. 129, 102 P.2d 632, and Bell v. District Court, 28 Nev. 280, 81 P. 875, 1 L.R.A. (N.S.) 843, both pertaining to prohibition, together with the cases cited by petitioner which pertain to mandamus, are distinguishable from this case because of the provisions of the certiorari statute. As stated in Montery Club, supra: "It should be noted that, while writs of mandate are governed by the provisions of section 1086 of the Code of Civil Procedure [NRS 34.170] and must issue, as therein provided, in all cases where there is not a plain, speedy and adequate remedy, in the ordinary course of law, and writs of prohibition are governed by the provisions of section 1103 of that code [NRS 34.330] and, as there provided, may issue in like situations, the issuance of writs of *certiorari* is governed by the provisions of section 1068, which specifically authorizes such writs to be issued only in cases where there is no appeal. It may thus be seen that the specific conditions for the issuance of a writ of review differ from those provided for writs of mandate and prohibition; and authority for the issuance of the latter writs is not generally applicable to the issuance of the former."

During the oral argument petitioner suggests for the first time that Nev. Const. Art. 6, Sec. 4, gives the supreme court power to issue writs of certiorari, and that insofar as NRS 34.020 constitutes a curtailment of that power it is unconstitutional. At this time, however, we are not concerned with this court's constitutional power to issue writs of certiorari,[3] but only with the question of whether the writ should be issued under the circumstances of this case.[4]

Although containing words of a mandatory nature with respect to when the writ shall be issued, NRS

---

[3]This was conceded by petitioner in oral argument.
[4]It was also conceded by petitioner that although power exists to issue the writ, this court still has the right to determine under what circumstances the power should be exercised.

34.020 does not curtail the right of this court to refuse to exercise its constitutional power when the necessity therefor does not appear. This court and the California courts, as shown by Mack, supra, Monterey Club, supra, and cases therein cited, have adopted the view that its power to issue writs of certiorari would not be exercised if any one of the essentials mentioned in NRS 34.020 be missing, and we will not now change the rule so established as aforesaid.

The motion that the writ of certiorari be vacated and set aside is granted.

BADT, C. J., concurs.

JUSTICE THOMPSON did not participate in the consideration or determination of this motion, and the parties hereto stipulated to the submission of the motion to CHIEF JUSTICE BADT and JUSTICE MCNAMEE.