GEORGE E. FRANKLIN, JR., DISTRICT ATTORNEY OF CLARK COUNTY, NEVADA, PETITIONER, v. EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE THOMAS J. O'DONNELL, A DISTRICT JUDGE THEREOF, RESPONDENT.

No. 5883

June 19, 1969                                    455 P.2d 919

*George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Petitioner.

*James D. Santini,* Public Defender, and *Earle W. White,* Deputy Public Defender, Clark County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In this criminal case the district court granted the defendant's motion to discover, inspect and copy "the statements of all persons to be called by the prosecution as witnesses at trial." The pertinent statute does not authorize the discovery of witnesses' statements,[1] nor does the defendant enjoy a constitutional right to discover them. Mears v. State, 83 Nev. 3, 7, 422 P.2d 230 (1967); Cicenia v. Legay, 357 U.S. 504 (1958); Leland v. Oregon, 343 U.S. 790 (1952). For this reason, the district attorney of Clark County instituted this original proceeding in certiorari, asserting that the order of the district court was entered in excess of its jurisdiction.

1.  Before the enactment of our new criminal code the legislature had not concerned itself with criminal discovery. Case law had established that discovery in criminal cases reposed within the discretion of the trial court [Pinana v. District Court, 75 Nev. 74, 334 P.2d 843 (1959); Marshall v. District Court, 79 Nev. 280, 382 P.2d 214 (1963)] and orders granting or denying discovery could be reviewed only on appeal from final judgment. Mears v. State, 83 Nev. 3, 8, 422 P.2d 230 (1967). The new criminal code does deal with criminal discovery [NRS 174.235–174.295] and those provisions

---

[1]NRS 174.245 provides: ". . . this section does not authorize the discovery or inspection . . . of statements made by state witnesses or prospective state witnesses . . . to agents of the state."

represent the legislative intent with respect to the scope of allowable pretrial discovery and are not lightly to be disregarded. Although the court erred in entering the discovery order mentioned, it does not follow that the extraordinary remedy of certiorari is available to correct that mistake, and we turn to consider this question.

2. A writ of certiorari shall be granted when the inferior tribunal has exceeded its jurisdiction, there is no appeal, nor a plain, speedy and adequate remedy. NRS 34.020. If any one of these essential elements is missing, the writ will not issue regardless of the existence of other elements. Schumacher v. District Court, 77 Nev. 408, 365 P.2d 646 (1961); Mack v. District Court, 50 Nev. 318, 258 P. 289 (1927); see also: Gaming Control Bd. v. Dist. Ct., 82 Nev. 38, 41, 409 P.2d 974 (1966).

The new criminal code contemplates that intermediate orders are to be reviewed on appeal, and the remedy of appeal is granted to the state.[2] Indeed, a protective order denying, restricting or deferring discovery is expressly made reviewable by appeal. NRS 174.275. An overly broad order for discovery, such as the one before us, should be similarly treated. We find nothing in the new code to intimate that an intermediate order for discovery is subject to review and challenge by extraordinary writ. The statutory scheme is to the contrary, and is in harmony with prior case pronouncements of this court.

There are solid reasons for this point of view. As a general proposition we approve the notion that appellate review should be postponed, except in narrowly defined circumstances, until

---

[2]NRS 177.045 reads: "Upon the appeal, any decision of the court in an intermediate order or proceeding, forming a part of the record, may be reviewed."

NRS 177.015 provides: "The party aggrieved in a criminal action, whether that party be the state or the defendant, may appeal as follows:

1. To the district court of the county from a final judgment of the justice's court.

2. To the supreme court from:

(a) A final judgment of the district court in all criminal cases.

(b) An order of the district court granting a motion to dismiss, a motion for acquittal or a motion in arrest of judgment, or granting or refusing a new trial."

after final judgment has been rendered by the trial court. Piecemeal review does not promote the orderly handling of a case, and is particularly disruptive in criminal cases where the defendant is entitled to a speedy resolution of the charges against him. Will v. United States, 389 U.S. 90 (1967).

Having concluded that the remedy of appeal is available to the state after final judgment to review the error here complained of, this proceeding is dismissed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.