ARTHUR R. TRELEASE, CITY MANAGER OF THE CITY OF LAS VEGAS, NEVADA; N. D. "PETE" WITCHER, CHIEF OF POLICE OF THE CITY OF LAS VEGAS, NEVADA; J. R. McPHERSON, PERSONNEL DIRECTOR OF THE CITY OF LAS VEGAS, NEVADA; DON ASHWORTH, JOHN MONTGOMERY, ROBERT ROBINSON, AMOS KNIGHTEN AND MELVIN WOLZINGER, MEMBERS OF THE CIVIL SERVICE BOARD OF THE CITY OF LAS VEGAS, NEVADA, APPELLANTS, v. THE STATE OF NEVADA EX REL. RUSSELL F. BULLOCK, RESPONDENT.

No. 6748

November 17, 1972                    503 P.2d 1

[Rehearing denied January 11, 1973]

*Earl P. Gripentrog,* City Attorney, and *R. Ian Ross,* Deputy City Attorney, Las Vegas, for Appellants.

*Harry E. Claiborne, James J. Brown* and *Annette Quintana,* of Las Vegas, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

On November 7, 1970, Respondent Russell F. Bullock, a Las Vegas police officer, in the company of a fellow officer, stopped and arrested two minors on a motorcycle. During the arrest, Bullock made an allegedly unprovoked attack on one of the youths. This action was witnessed by concerned citizens, who thereafter informally notified the Las Vegas Police Department. An investigation based on the information received from these citizens was initiated and conducted by the department pursuant to Sections 510.2(h) and (i)[1] and 970[2] of the Civil

---

[1]Section 510.2, in relevant part, of Civil Service Rules, City of Las Vegas, Nevada:

"510.2 The following shall be grounds for disciplinary action as indicated in Rules 520 and 530:

". . .

"(h) 'Cause' is defined as follows: Some good reason which is personal to the individual and which the law and sound public opinion

Service Rules and Regulations of the City of Las Vegas. As a result of this investigation, and by request of the Chief of Police, the City Manager of Las Vegas terminated Bullock's employment. No complaint was made nor report filed by either the victim or his parents.

After receiving notice of his termination, Bullock filed a timely appeal with the Civil Service Board. Prior to the date set for his hearing, Bullock petitioned the district court for a writ of mandamus, contending the investigation and subsequent discharge were wrongful pursuant to the city ordinances. The district court granted the writ of mandamus on the ground that the investigation procedure had not complied with Emergency Ordinance No. 1448.[3] The present appeal is from that ruling.

The issue before this court is whether Emergency Ordinance No. 1448 establishes the exclusive procedure for investigating citizens' complaints against city employees.

---

will recognize as a good reason for disciplinary action. The following grounds are cause within the meaning of these rules:

"Incompetency,
"Inefficiency,
"Neglect of duties,
"Unexplained absence from duty,
"Malfeasance, misfeasance or misconduct in office,
"Conduct unbecoming an employee,
"Insubordination, and
"Acts evidencing moral turpitude.

"(i) The term 'misconduct' shall mean not only any improper action by an employee in his official capacity, but also any conduct by an employee unconnected with his official duties, tending to bring the City into public discredit or which tends to affect the employee's ability to perform his duties efficiently, or any improper use or attempt to make use of his position as an official for his personal advantage. (See Rule 970 also)"

[2]Section 970, Civil Service Rules, City of Las Vegas, Nevada"
"970—MISCONDUCT.

"An employee's appointment may be terminated by dismissal for 'cause' or 'misconduct' in accordance with Rules 510.2, 510.3 or 510.4 of these rules. Termination under this rule shall not require the giving of any notice."

[3]EMERGENCY ORDINANCE NO. 1448, CITY OF LAS VEGAS, NEVADA, in relevant part:
"NOW, THEREFORE, THE BOARD OF COMMISSIONERS OF THE CITY OF LAS VEGAS DOES ORDAIN AS FOLLOWS:

"SECTION 1. Title I of the Municipal Code of the City of Las Vegas, Nevada, 1960 Edition, is hereby amended by adding thereto a new chapter, designated Chapter 20, to read as follows:

"1–20–1: Any citizen who believes himself to have been the victim of any violation of his rights or of any violation of duty by any member of any department of the City may make a

We need not proceed further than the ordinance in question to find the answer. Prior to the enactment of this emergency ordinance, City Ordinances Nos. 1017, 1142, and 1239 provided the means by which citizens' complaints were processed. These ordinances were expressly repealed and superseded by the enactment of Emergency Ordinance No. 1448 on February 20, 1970. With the adoption of the emergency ordinance, the City Commissioners of Las Vegas created an additional method by which certain citizens could seek a more direct investigation and effective resolution of their complaints against city employees. The ordinance clearly indicates that it was not the Commission's intention to expressly or impliedly establish Emergency Ordinance No. 1448 as the exclusive procedure to be following in the investigation of all citizens' complaints. The statute is plain and unambiguous and needs no construction or interpretation.

Neither the victim minor nor his parents made a complaint or filed a report concerning the alleged incident. Emergency Ordinance No. 1448 provides in part that:

"Any citizen who believes himself to have been the *victim* of any violation of his rights or of any violation of duty by any member of any department of the City may make a complaint, in writing and under oath, to the City Attorney within one month." (Emphasis added.)

This procedure was put into effect to insure the victim of an employee's misconduct an effective vehicle for the issuance of complaints. Contrary to Bullock's contentions, this procedure was not available to the complaining citizens or to the Las Vegas Police Department in the present case. Emergency Ordinance No. 1448 is a limited procedure for taking disciplinary action against a city employee when a victim has filed

---

complaint, in writing and under oath, to the City Attorney within one month.

"1–20–2: If the complaining witness is a minor or mentally incompetent, such complaint shall not be accepted unless filed on his behalf and under the oath of the father, mother or legal guardian of the complainant.

"1–20–3: Upon the filing of a complaint, signed and verified in accordance with Section 1 or Section 2 of this Chapter, the City Attorney may make such investigation of the complaint as he sees fit, issue subpoenas, and may require the complainant to appear in person at any investigation conducted by him. Within thirty (30) days after the filing of the complaint the City Attorney shall make his recommendations to the Board of Commissioners concerning the same."

a complaint in accordance with the procedures prescribed therein.

Bullock's employment was terminated pursuant to City of Las Vegas Civil Service Rules 510.2(h), 510.2(i), and 970, *supra*. These Rules were operative at all times before, during, and after the enactment of Emergency Ordinance No. 1448. There is no reason to believe that an implied or constructive repeal of these sections was intended by the Emergency Ordinance, since the Rules deal with the separate matter of internal investigation, control, and discipline of city employees. See State v. Scott, 52 Nev. 232, 286 P. 119 (1930). Although Section 4 of the Emergency Ordinance repeals "[a]ll ordinances or parts of ordinances, sections, subsections, phrases, clauses or paragraphs . . . in conflict herewith . . .", the aforementioned Rules are not in conflict and accordingly remain in effect. To rule otherwise would permit an employee of the City to go undisciplined for wrongful conduct unless a victim of such acts, providing there be a victim, files a formal complaint, under oath, with the City Attorney. If the City Manager or a department head has evidence sufficient to institute an investigation, he may not be precluded from doing so because of the absence of an official complaint. The procedures for dismissing a city employee under Civil Service Rules 510.2(h), 510.2(i), and 970 were properly available in the present case, and therefore the district court erred in ruling that the City was precluded from acting pursuant to them.

Since the Civil Service Rules are applicable to the present proceedings, a determination made pursuant to these rules is appealable to the Civil Service Board. Although Bullock filed a proper appeal, he abandoned the appeal and instituted these proceedings. Bullock's right to appeal to the Civil Service Board constituted a plain, speedy, and adequate remedy at law which he should have pursued. Only in the absence of such a remedy is the issuance of a writ of mandamus permissible. See NRS 34.160; County of Washoe v. City of Reno, 77 Nev. 152, 360 P.2d 602 (1961).

The order granting the writ of mandamus is reversed, and the case is remanded to the district court with instructions to dismiss the petition. Respondent Bullock may pursue the proper administrative remedies.

ZENOFF, C. J., and BATJER, THOMPSON, and GUNDERSON, JJ., concur.