FRANK NIGRO, APPELLANT, v. NEVADA STATE BOARD OF COSMETOLOGY, RESPONDENT.

No. 17959 .

November 30, 1987                              746 P.2d 128

*Douglas Norberg,* Reno, for Appellant.

*Brian McKay,* Attorney General, and *Lin Ng,* Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

This case hinges on the question of whether an inspector hired by the Nevada State Board of Cosmetology ("the Board") to help enforce its regulations, is a "classified" civil service employee under NRS Chapter 284.

On December 15, 1980, appellant Frank Nigro ("Nigro") was hired by the Board pursuant to NRS 644.150.[1] He was hired as an "at will" employee and was, therefore, not required to take a state examination. Several years later, at a hearing before the Board concerning alleged work-related indiscretions, Nigro was accused of unethical behavior including: having an ownership interest in a beauty salon; maximizing his travel expenses; misusing his business phone; and, being an active Board member in a cosmetologist association. The Board found the indiscretions and conflicts of interest required termination and Nigro was fired.

On September 24, 1986, Nigro filed a Petition for Writ of Mandamus against the Board. He alleged that he was entitled to back pay and reinstatement because he was denied procedural rights to which all "classified" state employees are entitled. The Board filed a motion to quash the writ arguing that Nigro was not a "classified" state employee entitled to the protections under NRS Chapter 284 but an "at will," "unclassified" employee. The District Court granted the motion to quash on January 29, 1987.

Nigro raises two principal arguments on appeal. First, he argues that he was a "classified" civil servant pursuant to NRS

---

[1]NRS 644.150 reads:

> The board may employ inspectors, investigators, advisers, examiners and clerks and secure the services of attorneys and other professional consultants, but no part of the compensation of those persons or reasonable expenses incurred by the board may be paid by the state.

284.150(1) and that, therefore, he was entitled to certain administrative and procedural safeguards contained in NRS Chapter 284.[2] Secondly, he argues that the district court improperly granted the Board's motion to quash appellant's motion for a writ of mandamus. Neither claim has merit.

Nigro relies solely on his interpretation of NRS 284.150(1) in arguing that an inspector for the Board is a "classified" state employee.[3] In order for one to be hired as a "classified" employee, an examination must first be taken. NRS 284.150(2) provides that:

> Appointments in the classified service shall be made according to merit and fitness from eligible lists prepared upon the basis of examination, which shall be open and competitive, except as otherwise provided in this chapter.

Nigro admits that he was hired as an "at will" employee; his name *was not* on a "classified" service list; he was not hired through the State Department of Personnel; *and,* he did not take a civil service examination. Further, the Director of the State Department of Personnel stated in his affidavit that the position of inspector was not a position in the classified service and the Department of Personnel made no announcement of a vacancy for the position of inspector at the State Board of Cosmetology. In sum, Nigro has not fulfilled a single requirement that employees must undertake to become qualified for the "classified" service of the state.

Finally, Nigro alleges that the district court's order quashing appellant's writ of mandamus was improper. In light of our findings that he was not a "classified" state employee, the motion

---

[2]Nigro alleges that numerous regulations under NRS 284 were violated with his termination. Specifically he cites regulations concerning annual performance reports, notice of disciplinary proceedings, warning of unsatisfactory performance prior to termination and NRS 284.150, the dismissal of classified employees.

[3]NRS 284.150(1) provides that

> The classified service of the State of Nevada is comprised of all positions in the public service now existing or hereafter created which are not included in the unclassified service, and which provide services for any office, department, board, commission, bureau, agency or institution in the executive department of the state government operating by authority of the constitution or law and supported in whole or in part by any public funds, whether the public funds are funds received from the Government of the United States or any branch or agency thereof, or from private or any other sources.

to quash the writ of mandamus was properly granted since other forms of redress existed. *See generally County of Washoe v. City of Reno,* 77 Nev. 152, 360 P.2d 602 (1961).

Appellant's remaining contentions are meritless, therefore, we affirm the order of the district court.