## IN THE SUPREME COURT OF THE STATE OF NEVADA

AMIR DORAJI,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
ERIKA D. BALLOU, DISTRICT JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 82930

FILED

OCT 18 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER DENYING PETITION

This original petition for a writ of mandamus seeks an order directing the district court to strike the psychosexual evaluation prepared for the Division of Parole and Probation and replace it with a psychosexual evaluation prepared by petitioner's expert.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty arising from an office, trust, or station, or to control a manifest abuse of discretion or an arbitrary or capricious exercise of discretion. NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A manifest abuse or arbitrary or capricious exercise of discretion involves either a clearly erroneous interpretation or application of the law or a decision based upon partiality, preference, or bias. *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196-97 (2020); *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780. It is within this court's discretion to issue a writ of mandamus, *Gathrite v. Eighth Judicial Dist.*

21-29762

*Court*, 135 Nev. 405, 407, 451 P.3d 891, 893 (2019), and this court will generally not exercise its discretion when there is "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170.

We are not satisfied that this court's intervention by way of extraordinary writ is warranted because petitioner has not demonstrated that the district court manifestly abused or arbitrarily or capriciously exercised its discretion.[1] Neither NRS 176.139 nor NRS 176A.110 require the district court to substitute the report prepared for the Division with a report prepared by a defense expert. To the extent that petitioner argues that the district court should have conducted an evidentiary hearing, it is not clear that petitioner requested an evidentiary hearing in the district court because his appendix does not include any of the pleadings filed in the district court. NRAP 21 (a)(4) ("The appendix shall include a copy of . . . parts of the record before the respondent judge . . . that may be essential to understand the matters set forth in the petition."). Nothing in our decision today affects the district court's obligations to assess a psychosexual evaluation before accepting it. *See Blackburn v. State*, 129 Nev. 92, 98, 294 P.3d 422, 427 (2013) ("Before a district court can accept a psychosexual evaluation, it has an obligation to determine whether the evaluator was qualified under NRS 176.139(2) and whether the evaluation is based upon currently accepted standards of assessment. In making these

---

[1]It further appears that a direct appeal is a plain, speedy, and adequate remedy. NRS 177.045 (providing that an appellant may challenge interlocutory decisions on appeal from the final judgment). "A remedy does not fail to be speedy and adequate, because, by pursuing it through the ordinary course of law, more time probably would be consumed than in a mandamus proceeding." *Walker*, 476 P.3d at 1198 (quoting *Washoe County v. City of Reno*, 77 Nev. 152, 156, 360 P.2d 602, 603 (1961)).

determinations, the court also must articulate specific findings so that this court can properly review its reasoning."). Further, if the evaluator's professional judgment "departs from the quantifiable test results ... the district court should acknowledge the discrepancy and make specific findings about the deviation in its determination of whether a psychosexual evaluation is based upon a currently accepted standard of assessment." *Id.* at 98, 294 P.3d at 426. Accordingly, we

ORDER the petition DENIED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr.J.
Stiglich                              Gibbons

cc:    Hon. Erika D. Ballou, District Judge
       Wooldridge Law
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.